616 So.2d 1182 (1993)
Bascom Haley PIPPIN, Appellant,
v.
STATE of Florida, Appellee.
No. 92-4174.
District Court of Appeal of Florida, First District.
April 20, 1993.
Appellant pro se.
No appearance for appellee.
PER CURIAM.
Bascom Haley Pippin has appealed an order of the trial court summarily denying his motion for postconviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure. The motion sought a belated appeal of the trial court's November 7, 1991 order denying a previous 3.850 motion alleging ineffective assistance of counsel. We reverse, and remand with directions to grant Pippin a belated appeal of the November 7, 1991 order.
In September 1988, Pippin was convicted of capital sexual battery, and sentenced to *1183 life with a 25 year minimum mandatory term. In March 1991, after voluntarily dismissing his appeal, Pippin filed a 3.850 motion alleging ineffective assistance of counsel. The trial court denied the motion by order of November 7, 1991, which order did not inform Pippin that he had 30 days in which to appeal. On May 29, 1992, Pippin filed the instant motion seeking a belated appeal of the November 7, 1991 order, alleging that he did not receive it until January 1992. The trial court denied the motion without explanation.
All orders denying motions for postconviction relief shall include a statement that the movant has the right to appeal within 30 days of the rendition of the order. Rule 3.850, Fla.R.Crim.P. The failure to include such a statement warrants the granting of a belated appeal. See, e.g., Darden v. State, 588 So.2d 275 (Fla. 2d DCA 1991). As noted above, the trial court's November 7, 1991 order did not set forth the right to appeal within 30 days. The instant motion seeking a belated appeal of that order should therefore have been granted. We reverse, and remand with directions to grant Pippin a belated appeal of the November 7, 1991 order, which shall proceed in accordance with Rule 9.140(g), Florida Rules of Appellate Procedure.
JOANOS, C.J., and BOOTH and WEBSTER, JJ., concur.