626 So.2d 1091 (1993)
Haley Bascom PIPPIN, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1691.
District Court of Appeal of Florida, First District.
November 19, 1993.
Haley Bascom Pippin, pro se.
No appearance for appellee.
PER CURIAM.
Appellant brings the instant belated appeal from the trial court's summary denial of his motion for post-conviction relief. We reverse.
In September 1988, Appellant was convicted of capital sexual battery and sentenced to life with a 25-year minimum mandatory term. In March 1991, after voluntarily dismissing his appeal, Appellant filed the instant motion pursuant to rule 3.850, Florida Rules of Criminal Procedure, alleging ineffective assistance of counsel.[1]
Appellant's claim of ineffective assistance of counsel arises from his allegations that trial counsel failed to object to the fact that there had not been a hearing held or specific findings of fact made on the state's motion filed pursuant to section 92.54, Florida Statutes (requesting that the minor victims of Appellant's crime be allowed to testify by closed-circuit television), and that counsel failed to assert Appellant's speedy trial rights and to file a timely motion for discharge. As to the latter allegation, Appellant claims prejudice on the basis that he was *1092 originally charged with the offense of lewd and lascivious act upon a child, but that during the interim between the date of his arrest and an August 1988 motion for extension of time filed by defense counsel, the original charge was dismissed and a new information was filed charging Appellant with capital sexual battery. Appellant maintains that had he been timely brought to trial, he would have been tried only for the offense of lewd and lascivious act upon a child instead of capital sexual battery.
In summarily denying Appellant's motion, the trial court indicated it had attached a transcript of the testimony of one Dr. James Horde which it had considered in regard to the state's motion for closed-circuit television, and a copy of a waiver of speedy trial signed by Appellant on June 10, 1988. Neither of these documents, however, appears in the record.
As a preliminary matter, we observe that the allegations made in Appellant's motion present a prima facie case for relief. See, Feller v. State, 617 So.2d 1091, 1094 n. 3 (Fla. 1st DCA 1993); Cambrick v. State, 593 So.2d 613, 614 (Fla. 2d DCA 1992). Since the trial court failed to attach the documents refuting Appellant's claims, we must reverse and remand "for either attachment of those portions of the files and records which conclusively show that [Appellant] is entitled to no relief, or further proceedings consistent with Rule 3.850." Evans v. State, 588 So.2d 1096 (Fla. 1st DCA 1991).
Furthermore, we would be remiss in failing to note that Appellant's trial counsel, W. Paul Thompson, was reprimanded repeatedly for his incompetent handling of matters in this court as well as his failure to obey the Florida Rules of Appellate Procedure, not only in other appellate cases appearing before this court, but in particular, in the main appeal from Appellant's judgment of conviction and sentence. See Pippin v. State, 559 So.2d 708 (Fla. 1st DCA 1990). See also The Florida Bar: In re W. Paul Thompson, 328 So.2d 196 (Fla. 1976). For this reason, the trial judge should closely scrutinize the adequacy of his representation in the trial of this case.
The order is REVERSED and the cause is REMANDED for further proceedings consistent with this opinion.
ZEHMER, C.J., and MINER and WEBSTER, JJ., concur.
NOTES
[1] The trial court summarily denied the motion by order of November 7, 1991, but did not inform Appellant of his right to appeal within 30 days of the denial of his motion. Thereafter, on May 29, 1992, Appellant filed a motion seeking a belated appeal of the 1991 order. The trial court denied the motion without explanation, which denial was reversed by this court on appeal in an opinion remanding the cause with directions to grant Appellant a belated appeal of the 1991 order. See Pippin v. State, 616 So.2d 1182 (Fla. 1st DCA 1993).