729 So.2d 397 (1998)
Franklin D. GREESON, Appellant,
v.
STATE of Florida, Appellee.
No. 98-896.
District Court of Appeal of Florida, First District.
June 22, 1998.
Appellant pro se.
Robert A. Butterworth, Attorney General; Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, Judge.
Appellant seeks review of an order denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court ruled correctly as to two of the four grounds raised. However, the remaining two grounds presented facially sufficient claims which were not shown conclusively to be without merit by any portion of the record attached to the order. Accordingly, as to those two grounds, we are constrained to reverse.
Appellant claimed that his trial counsel had been ineffective because he failed to investigate and call at trial several named alibi witnesses. In Highsmith v. State, 617 So.2d 825, 826 (Fla. 1st DCA 1993), we said:
In cases involving claims of ineffective assistance of counsel based on counsel's alleged failure to investigate and to interview witnesses, a facially sufficient motion must include the following allegations: (1) the identity of the prospective witnesses; (2) the substance of the witnesses' testimony; and (3) an explanation as to how the omission of this evidence prejudiced the outcome of the trial.
The allegations made in appellant's motion met those requirements, and were not refuted by attachment to the order of any portion of the record.
Appellant also claimed that trial counsel had been ineffective because he failed to file a motion to dismiss after the speedy trial time had run. The allegations supporting this claim were, likewise, facially sufficient. See, e.g., Pippin v. State, 626 So.2d 1091 (Fla. 1st DCA 1993). The trial court did not address this claim at all in its order.
The trial court's order is reversed as to the two ineffective assistance claims addressed in this opinion and, as to those claims only, remanded for further proceedings. On remand, the trial court shall either attach to an order again denying relief those portions of the record clearly establishing that appellant is entitled to no relief, or hold an evidentiary *398 hearing. In all other respects, the trial court's order is affirmed.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
BARFIELD, C.J., and KAHN, J., concur.