757 So.2d 1217 (2000)
Earnest BARNES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-3146.
District Court of Appeal of Florida, Fourth District.
March 15, 2000.
Rehearing Denied April 27, 2000.
Earnest Barnes, Arcadia, pro se.
*1218 Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Earnest Barnes appeals from the summary denial of his motion of August 12, 1999, for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court found Barnes's motion legally insufficient. Barnes raises several claims of ineffective assistance of counsel. We reverse and remand for an evidentiary hearing on two of his claims.
Barnes alleges that his counsel failed to investigate his claim of an alibi defense. Barnes claims that he told his lawyer that he was being fired from his job at the same time the crimes for which he was charged were being committed and that the location of his place of employment was a sufficient distance from the location of the crimes so that he could not have been in both places at the same time. Although Barnes did not identify the witness by name that would support his defense, that is not an essential requirement before the trial court is required to conduct an evidentiary hearing. It is sufficient for Barnes to make a brief statement of the facts to support his claim. See Cunningham v. State, 748 So.2d 328, 329 (Fla. 4th DCA 1999); Morales v. State, 731 So.2d 91 (Fla. 4th DCA 1999).
Barnes also claims that his counsel was ineffective in failing to investigate his claim that he was coerced into confessing by the police officers who interrogated him. Although Barnes does not specify the officers who coerced his confession, these factual allegations are also sufficient to warrant an evidentiary hearing.
If Barnes had an alibi or if his confession had been coerced, the failure of his lawyer to investigate either of these claims could certainly be a valid basis for a claim of ineffective assistance of counsel. We reverse and remand for an evidentiary hearing. We find that all other claims of ineffective assistance of counsel alleged in Barnes's post-conviction motion are without merit.
Affirmed in part, reversed in part, and remanded for further proceedings.
GROSS and TAYLOR, JJ., concur.