PER CURIAM.
Dwight Wiley appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part.
Wiley was adjudicated guilty of violating his probation. He alleges that his trial counsel was ineffective for failing to investigate and call a witness to support his claim that he was not at home because he was taking his sister to the local emergency room for heart problems. The trial court erroneously denied the claim as fa- *1087 dally insufficient due to Wiley’s omission of the name of the prospective witness. This omission does not render the claim facially insufficient. “It is sufficient for [him] to make a brief statements of the facts • to support his claim.” Barnes v. State, 757 So.2d 1217, 1218 (Fla. 4th DCA 2000). The trial court must reconsider this claim and, if it once again denies the claim without an evidentiary hearing, support its ruling with attachments to its order. Otherwise, it must conduct an evidentiary hearing.
_Wiley also claims that his probation officer should have investigated his claim. The trial court properly denied this claim as facially insufficient.
Affirmed in part, reversed in part, and remanded.
PATTERSON, A.C.J., and BLUE and STRINGER, JJ., Concur.