792 So.2d 589 (2001)
Derek Brian BETTS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-0388.
District Court of Appeal of Florida, First District.
August 14, 2001.
Pro se, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, for Appellee.
BROWNING, J.
Derek B. Betts (Appellant) appeals the trial court's order summarily denying his timely, sworn amended motion for post-conviction relief. His voluminous motion alleged 14 claims of ineffective assistance of counsel, including numerous sub-issues. To prevail on a claim of ineffective assistance of counsel, Appellant had to show both that trial counsel's performance was outside the wide range of reasonable professional assistance, and that counsel's deficient performance prejudiced the defense, i.e., there is a reasonable probability that the result of the trial *590 would have been different but for the alleged ineffective assistance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Cherry v. State, 659 So.2d 1069 (Fla.1995). Prejudice is demonstrated if the deficiency is sufficient to render the result unreliable. Gorham v. State, 521 So.2d 1067 (Fla.1988). A claim of ineffective assistance of counsel will warrant an evidentiary hearing only where the movant alleges "specific facts which are not conclusively rebutted by the record and which demonstrate a deficiency in performance that prejudiced the defendant." Roberts v. State, 568 So.2d 1255, 1259 (Fla.1990); Fla. R.Crim. P. 3.850(d). We affirm the denial of Grounds One through Eleven, and Grounds Thirteen and Fourteen. Because the cited attachments in support of denial of Ground Twelve are incomplete, we reverse as to that claim only and remand either for complete attachments from the record conclusively refuting the claim, or for an evidentiary hearing.
Grounds One through Four alleged ineffective assistance arising from defense counsel's failure 1) to challenge the legality of Appellant's arrest based on erroneous information in the arrest warrant and supporting affidavit, 2) to argue a sufficient motion for judgment of acquittal, 3) to move to suppress Appellant's involuntary confession and a tainted photo spread that was used to identify him as a perpetrator, 4) to object to certain testimony describing the firearm and the shell casing, and to the victim's testimony, and 5) to investigate the record basis for Appellant's classification as an habitual violent felony offender (HVFO). To the extent that any of these claims is facially sufficient, the trial court attached portions of the record conclusively demonstrating that Appellant is not entitled to relief. To the extent that the allegations challenged the factual basis and sufficiency of the evidence, such claims cannot be raised in a Rule 3.850 motion, especially where (as occurred in the instant case) a direct appeal was taken. Jackson v. State, 640 So.2d 1173 (Fla. 2d DCA 1994).
Ground Five, which alleged that counsel was ineffective for failing to investigate a defense for Appellant by obtaining the victim's medical records, was properly rejected as wholly speculative and unsupported by specific factual allegations. Ground Six was properly denied as cumulative to an earlier dismissed claim and as unsupported by specific factual allegations. Ground Seven, which challenged counsel's failure to object to the sentencing court's findings in support of HVFO classification, was properly denied as cumulative.
Ground Eight, which alleged ineffective assistance based on counsel's failure to request a jury instruction on a necessarily lesser-included offense, was conclusively refuted by portions of the record demonstrating that the instruction in question was given. Ground Nine alleged that counsel was ineffective for failing to call, depose, interview, and impeach certain witnesses who supposedly would have aided the defense. This claim was properly denied as cumulative in part. To the extent that the allegations are new, the court attached portions of the record or denied the claim on the grounds that Appellant's personal disapproval of the photo spread identification process has no legal bearing on the legitimacy of the procedure. Given the fact that the victim made valid out-of-court and in-court identifications of Appellant as the perpetrator, and Appellant gave a valid written confession of having shot and robbed the victim, the trial court found no prejudice arising from the failure to investigate and call other witnesses (Johnson, Porter, Davis, and Carter).
*591 Ground Ten, which alleged trial counsel's failure to communicate information regarding the State's alleged plea offer, and counsel's misadvice concerning the penalty Appellant would face if he lost at trial, was conclusively refuted with attachments from the record.
Ground Eleven alleged that the trial court erred by imposing an "indefinite" life sentence for armed robbery under the HVFO statute. This claim was properly denied as meritless. Brown v. State, 565 So.2d 369 (Fla. 1st DCA 1990). Appellant, whose crimes were committed in April 1995, misplaced his reliance upon State v. Thompson, 750 So.2d 643 (Fla.1999), in which section 775.084, Florida Statutes (1995), was found unconstitutional for offenses committed on or after October 1, 1995, through May 24, 1997.
Grounds Thirteen and Fourteen alleged ineffective counsel for failing to object or to move for a mistrial based on prosecutorial remarks made in opening argument that supposedly misled the jury about the facts and evidence relating to the charged crimes, and to prosecutorial comments that supposedly infringed on Appellant's right to remain silent and misled the jury as to the burden of proof. The first allegation was rejected because the remark involved a minor, harmless oversight (where the prosecutor inadvertently referred to the "Defendant" when he actually meant to say the victim's name). The court attached portions of the record conclusively demonstrating that the State made no improper comments regarding the right to remain silent.
Ground Twelve alleged ineffective assistance for failing to object or to move for a mistrial where the jury supposedly misunderstood the instructions relating to lesser-included offenses and could have become confused. The motion alleged that after beginning deliberations, the jury first asked the court to re-read certain instructions and later asked the court a question indicating the jury's confusion about how to respond on the verdict form. Charged with attempted second-degree murder (Count One) and armed robbery (Count Two), Appellant was found guilty of the lesser-included offense of attempted voluntary manslaughter in Count One and guilty as charged in the second count. The trial court found this claim to be facially sufficient. In its order, the court found that at trial, the court had adequately explained the instructions and the verdict form. The order includes references to numerous pages of the trial transcript that supposedly conclusively refute the allegations in the motion. However, the attachments from the record are incomplete and do not include all of the referenced pages. Accordingly, as to Ground Twelve only, we reverse the order and remand either for complete attachments conclusively demonstrating that Appellant is not entitled to relief, or for an evidentiary hearing. Rule 3.850(d); Brown v. State, 689 So.2d 1287 (Fla. 1st DCA 1997); Hubbard v. State, 662 So.2d 746 (Fla. 1st DCA 1995).
The findings in the order are AFFIRMED as to Grounds One through Eleven, and Thirteen and Fourteen; and REVERSED and REMANDED as to Ground Twelve for attachments or an evidentiary hearing.
BOOTH and BENTON, JJ., CONCUR.