807 So.2d 790 (2002)
STATE of Florida, Appellant,
v.
Daniel GARZA, Appellee.
No. 2D00-3968.
District Court of Appeal of Florida, Second District.
February 22, 2002.
*791 Robert A. Butterworth, Attorney General, Tallahassee, and Katherine Coombs Cline, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Joan Fowler, Assistant Public Defender, Bartow, for Appellee.
CASANUEVA, Judge.
The State of Florida appeals the discharge of the defendant, Daniel Garza, on speedy trial grounds. This case presents the issue of the interplay between Florida Rule of Criminal Procedure 3.191 and the Interstate Agreement on Detainers, section 941.45, Florida Statutes (1999) (IAD). We reverse because the circuit court failed to afford the State the full benefit of the recapture window provided in the rule.
Mr. Garza was one of several defendants charged in a multicount information. The counts against him involved racketeering, conspiracy to commit racketeering, and conspiracy to traffic in cannabis.[1] On January 7, 2000, an arrest warrant was issued for Mr. Garza, who was, at that time, incarcerated in a federal correctional institution in Georgia. On January 20, 2000, Hillsborough County officials filed a detainer on Mr. Garza with the Georgia federal correctional authorities. Federal authorities transferred Mr. Garza into the custody of the Hillsborough County Sheriff's Office on April 6, 2000. After a flurry of unsuccessful pretrial motions, including premature motions for discharge on rule 3.191 speedy trial grounds,[2] defense counsel, *792 on August 16, 2000, filed a notice of violation of section 941.45, claiming that the IAD's speedy trial protection had been denied Mr. Garza. The circuit court then set trial for August 21, 2000. Before trial began on August 21, the court heard Mr. Garza's discharge motion based on section 941.45 grounds, granted it, and discharged him. The State thereafter appealed, contending that the circuit court should have further applied the relevant speedy trial procedure of rule 3.191(p).
Before turning to the interplay between rule 3.191 and the IAD, we address Mr. Garza's contention that the circuit court may have been right for the wrong reason. He calculates that his speedy trial time began to run on January 20, 2000, when the detainer was lodged against him while he was in federal custody in Georgia. We reject his calculation of the starting time of the speedy trial clock because rule 3.191(e) clearly states:
(e) Prisoners outside Jurisdiction. A person who is in federal custody or incarcerated in a jail or correctional institution outside the jurisdiction of this state or a sub-division thereof, and who is charged with a crime by indictment or information issued or filed under the laws of this state, is not entitled to the benefit of this rule until that person returns or is returned to the jurisdiction of the court within which the Florida charge is pending and until written notice of the person's return is filed with the court and served on the prosecutor....
Mr. Garza was not returned to Hillsborough County until April 6, 2000; therefore, his speedy trial clock began to run on that date. The 175 day speedy trial time period under rule 3.191(a) would not have expired until September 28, 2000, long after the circuit court discharged him. Thus, Mr. Garza's argument based on rule 3.191 must fail.
The IAD includes a discharge provision alternative to the one contained in the rule. The IAD's article IV, section (c) requires that "trial shall be commenced within 120 days of the arrival of the prisoner in the receiving state." Thus, the IAD required Mr. Garza's trial to commence by August 4, 2000. When the State failed to bring him to trial by that date, his defense counsel properly filed a notice of expiration of the IAD's speedy trial period on August 16, 2000. However, despite the expiration of the IAD's speedy trial time, discharge pursuant to the IAD is not automatic; rather, discharge is appropriate only after certain procedures set out in rule 3.191 have been followed.
On indistinguishable facts the Florida Supreme Court held that automatic discharge was not an appropriate remedy because the IAD's discharge provision was not entitled to greater dignity than the time limits contained in rule 3.191, which protects the constitutional speedy trial right guaranteed in article I, section 16 of the Florida Constitution. Vining v. State, 637 So.2d 921, 925 (Fla.1994) (citing Johnson v. State, 442 So.2d 193, 196 (Fla.1983)). In Vining, the defendant had filed a timely motion for discharge under the IAD, and the circuit court properly heard the motion *793 within the five-day period prescribed by rule 3.191, not counting an intervening Saturday and Sunday.[3] Mr. Vining's trial commenced within ten days of that hearing. On appeal from his conviction resulting from that trial, he contended that his right to speedy trial under the IAD had been violated because the trial had not been held within 120 days of his arrival in Florida. In affirming, the supreme court found that the circuit court had comported with the procedure specified in rule 3.191 by allowing the State ten additional days to bring Mr. Vining to trial after the hearing on the motion for discharge.
In Mr. Garza's case, although the circuit court properly held the hearing required by subsection (p)(3) of the rule within five days of the filing of Mr. Garza's motion for discharge, it failed to provide the State the full benefit of the "window of recapture," the ten additional days for the State to bring Mr. Garza to trial. In denying the State the ten-day recapture period, the circuit court erred. State v. Howard, 599 So.2d 1043 (Fla. 2d DCA 1992); Quinn v. State, 713 So.2d 1046 (Fla. 5th DCA 1998).
Accordingly, we reverse the discharge of Mr. Garza and remand for further proceedings.
GREEN and COVINGTON, JJ., Concur.
NOTES
[1] §§ 895.03(3), 777.04(3), and 893.135(1)(a), Fla. Stat. (1999).
[2] A premature notice of expiration of speedy trial is invalid and does not trigger the protections of the rule. Florida Rule of Criminal Procedure 3.191(h) provides:

Notice of Expiration of Time for Speedy Trial; When Timely. A notice of expiration of speedy trial time shall be timely if filed and served on or after the expiration of the periods of time for trial provided in this rule. However, a notice of expiration of speedy trial time filed before expiration of the period of time for trial is invalid and shall be stricken on motion of the prosecuting attorney.
The dispute becomes, as usual in this type of case, when the speedy trial clock began to tick. Mr. Garza's case is complicated by the fact that his defense counsel and the prosecuting attorney argued before the circuit court that different speedy trial clocks were ticking. Although we find that the circuit court erred in the way it applied section 941.45, Florida Statutes (1999), the Interstate Agreement on Detainers, we note that the result would be the same if the case were based only on a violation of the rule instead.
[3] See Fla. R.Crim. P. 3.040.