829 So.2d 975 (2002)
Robert BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-1980.
District Court of Appeal of Florida, First District.
November 1, 2002.
*976 Appellant, pro se.
Robert A. Butterworth, Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's summary denial of his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850, in which the appellant claimed to have suffered ineffective assistance of counsel because counsel failed to file a motion to suppress testimony, failed to properly impeach a witness, and failed to file a demand for speedy trial. We affirm the trial court's summary denial of the appellant's first two claims of ineffective assistance of counsel because these claims are conclusively refuted by the record. However, we reverse and remand the trial court's denial of the appellant's third claim.
In order for an appellant to show ineffective assistance of counsel, the appellant must show that counsel's performance was outside of the wide range of reasonable professional assistance, and that such conduct in fact prejudiced the outcome of the proceedings. Strickland v. Washington, 466 U.S. 668, 687-88, 691-92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Cherry v. State, 659 So.2d 1069, 1072 (Fla.1995); Betts v. State, 792 So.2d 589, 589-90 (Fla. 1st DCA 2001). The appellant must allege specific facts which are not conclusively rebutted by the record and which demonstrate that such deficiency in counsel's performance prejudiced the defendant. Betts, 792 So.2d at 590.
As to the first prong of Strickland, the appellant alleged that he specifically asked counsel to file a demand for speedy trial and that counsel failed to file the motion. As to the second prong, the appellant alleged that he filed a writ of prohibition after being incarcerated for 211 days, and that he was prejudiced by counsel's omission because the trial court denied his writ of prohibition on the basis that his counsel had not filed a demand for speedy trial. We conclude the allegations are sufficient to state a legally sufficient claim. See e.g. Greeson v. State, 729 So.2d 397 (Fla. 1st DCA 1998); Toliver v. State, 652 So.2d 1291 (Fla. 1st DCA 1995); Pippin v. State, 626 So.2d 1091 (Fla. 1st DCA 1993). Because the trial court did not refute this claim with record attachments, the trial court's summary denial of the appellant's ineffective assistance of counsel claim for failing to file a demand for speedy trial is reversed and remanded for record attachments that conclusively refute his claim, or for further proceedings.
AFFIRMED IN PART and REVERSED IN PART.
KAHN, BENTON, and LEWIS, JJ., concur.