834 So.2d 302 (2002)
Derrick ADAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-1456.
District Court of Appeal of Florida, First District.
December 31, 2002.
*303 Appellant, pro se.
Richard E. Doran, Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's summary denial of his rule 3.850 motion. The appellant brings two claims: (1) he received ineffective assistance of counsel where his counsel failed to call witnesses who would establish that he was less than 18 years of age on the date that he committed the capital sexual battery, and (2) the information was inadequate and contained misleading information which deprived the appellant of the right to prepare a defense which did not set out the different penalties that he could incur depending upon his age. We affirm the summary denial of the appellant's second claim because it is facially insufficient. We write only to discuss the appellant's first claim. As to that issue, we reverse and remand with instructions.
For the appellant to show ineffective assistance of counsel, he must show that counsel's performance was outside of the wide range of reasonable professional assistance, and that such conduct, in fact, prejudiced the outcome of the proceedings because without the conduct there is a reasonable probability that the outcome would have been different. See Strickland v. Washington, 466 U.S. 668, 687-88, 691-92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Spencer v. State, 27 Fla. L. Weekly S323, 2002 WL 534441 (Fla. Apr. 11, 2002); Cherry v. State, 659 So.2d 1069, 1072 (Fla. 1995); Betts v. State, 792 So.2d 589, 589-90 (Fla. 1st DCA 2001). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Spencer, 27 Fla. L. Weekly at S323. A claim of ineffective assistance of counsel made in a post-conviction motion will only merit an evidentiary hearing when the movant alleges specific facts which are not conclusively rebutted by the record and demonstrates that such deficiency in counsel's performance prejudiced the defendant. Betts, 792 So.2d at 590 (internal citations omitted).
An appellant makes a facially sufficient claim of ineffective assistance of counsel for failure to call a witness where the appellant sets forth the substance of the testimony the witness would provide and how he was prejudiced by counsel's failure to present this testimony. See Greenway v. State, 823 So.2d 206, 207 (Fla. 1st DCA 2002); Ash v. State, 767 So.2d 1260, 1261 (Fla. 1st DCA 2000). A brief *304 statement of the facts to which a witness would testify is sufficient for the substance of the witness' testimony. Barnes v. State, 757 So.2d 1217, 1218 (Fla. 4th DCA 2000).
A defendant's punishment for sexual battery committed pursuant to section 794.011(2), Florida Statutes (1991), depends upon whether such defendant was 18 years old or older at the time of the offense, or under the age of 18. Sexual battery committed by a person 18 years old or older is a capital felony punishable by life imprisonment with a 25-year mandatory minimum before possibility of parole. Id.; § 775.082(1), Fla. Stat. (1991). Sexual battery committed by a person under 18 years of age is a life felony punishable by life or a term of imprisonment not exceeding 40 years. §§ 794.011(2), 775.082(3)(a), Fla. Stat. A defendant's age at the time of committing a sexual battery is an element of the offense which must be proven to the jury beyond a reasonable doubt. See Baker v. State, 604 So.2d 1239, 1240 (Fla. 3d DCA 1992).
The testimony of the victim and Jeannette Adams, his mother, at trial established that the capital sexual battery offense occurred at the only party the victim and his mother attended at Veatrice Adams' residence. The testimony as to when this party took place varied greatly and was inconsistent, with the witnesses trying to establish the date of the party by where they were living at the time, whether the party took place before or after the birth of the victim's little brother, and the age of the victim at the time of the party. An officer testified that the appellant admitted that the assault took place in May of 1992.
The appellant claims that he told his counsel that he was not 18 years of age on the date that the crime occurred because of the date on which the party was held. The appellant claims that the party was held for Veatrice Adams' daughter, Altienna, on her first birthday, on February 18, 1991, and his 18th birthday was not until March 12, 1991. The appellant admitted confessing to the crime, but denied ever saying that the crime took place in May of 1992. The appellant also claimed that he had given his counsel addresses and phone numbers for Veatrice Adams and Chaquita Adams, who could verify when the birthday party took place, but his counsel failed to call them and as a result he was found to be over 18 at the time the crime took place, thereby increasing his sentence.
The trial court has not refuted the appellant's claim that Veatrice Adams and Chaquita Adams could have testified that the party took place before the appellant's 18th birthday. In light of the confusion as to when the party took place, and in light of the fact that the host of the party, Veatrice Adams, was probably in the best position to establish the date of the party, especially if it was her daughter's first birthday party, it appears that Veatrice Adams' and Chaquita Adams' testimony could have affected the jury's finding that the appellant was over 18 years of age at the time that the party took place.
We accordingly reverse the summary denial of this claim and remand with instructions for the trial court either to refute the appellant's claim with record attachments or to conduct an evidentiary hearing.
AFFIRMED IN PART and REVERSED IN PART.
ERVIN, DAVIS and BENTON, JJ., concur.