840 So.2d 369 (2003)
Patrick L. JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-3379.
District Court of Appeal of Florida, First District.
March 13, 2003.
*370 Patrick L. Johnson, Pro Se.
Charlie Crist, Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the summary denial of his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. Among other claims, the appellant asserted that trial counsel was ineffective in failing to interview and present the testimony of two witnesses who could have buttressed his assertion of self-defense. In denying this claim the court attached a portion of the appellant's trial testimony, but this excerpt does not negate the potential benefit of the testimony from the desired witnesses and the claim thus should not have been summarily denied on this basis. E.g. Adams v. State, 834 So.2d 302 (Fla. 1st DCA 2002). The appellant also presented a claim of ineffective assistance based on trial counsel's failure to move for discharge under the speedy trial rule, and this is a matter which may be entertained under rule 3.850. See Greeson v. State, 729 So.2d 397 (Fla. 1st DCA 1998); Waldburg v. State, 644 So.2d 608 (Fla. 1st DCA 1994). Although the court noted that arraignment had been repeatedly continued for the appellant to obtain counsel, this is not substantiated by any record attachment and there is no indication as to whether the circumstances would require such postponement to be necessarily charged against the appellant. The speedy trial claim thus should not have been summarily denied on this basis.
The appellant also claimed that counsel was ineffective in failing to object to prosecutorial comment which the appellant alleged was unsubstantiated by the evidence at trial. The attachments to the order denying relief do not negate this allegation, and the possibility that counsel's forebearance might have been a matter of trial strategy cannot be explored on this record without an evidentiary hearing. E.g. Dauer v. State, 570 So.2d 314 (Fla. 2d DCA 1990). Without record attachments negating this claim, it also should not have been summarily denied.
The appealed order is reversed as to the denial of these three claims. The order is otherwise affirmed, and the case is remanded.
ALLEN, C.J., BENTON and HAWKES, JJ., concur.