855 So.2d 207 (2003)
Melvin BURKE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-0813.
District Court of Appeal of Florida, First District.
September 18, 2003.
Appellant, pro se.
Charlie Crist, Attorney General; Elizabeth Fletcher Duffy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant filed a Rule 3.850 motion for postconviction relief, asserting five grounds. The trial court summarily denied the motion, holding that all claims were either procedurally barred or conclusively refuted by the record. We affirm as to all but one of the grounds raised. The attachments to the trial court's order do not conclusively refute appellant's claim that his trial counsel was ineffective for failing to file a notice of expiration of speedy trial time. Therefore, we reverse as to that issue, and remand to the trial court with directions either to attach portions of the record conclusively showing that appellant is not entitled to relief or to hold an evidentiary hearing.
Appellant alleged that his trial counsel failed to file a notice of expiration of speedy trial time, and that his trial occurred well after the 175-day period prescribed by Florida Rule of Criminal Procedure 3.191. He also addressed the issue of prejudice by alleging that his counsel's inaction: (1) precluded his discharge; (2) allowed the state additional time to prepare its case, which resulted in a key witness changing her story to appellant's detriment; and (3) precluded the speedy trial issue from being raised on direct appeal. By alleging deficient performance of counsel and a reasonable probability of a different outcome in the absence of the deficient performance, appellant has stated a facially valid claim of ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
To summarily deny appellant's facially sufficient claim, the trial court was required to attach to its order copies of the *208 files or records conclusively showing that appellant was not entitled to relief. Fla. R.Crim. P. 3.850(d). The trial court attached only a "Progress of Case" sheet. This was insufficient for two reasons. First, the document appears to be clerk's notes, rather than a portion of the record. See Collins v. State, 835 So.2d 373, 373 (Fla. 1st DCA 2003), citing Mayo v. State, 825 So.2d 1006, 1006 (Fla. 4th DCA 2002)(noting that "the records attached to the trial court's order denying relief appear to be nothing more than clerk's notes and do not conclusively refute the claim"). Second, nothing in the document conclusively shows either that the delay was attributable to any action on the part of appellant or that appellant was otherwise not entitled to discharge under Rule 3.191. Thus, the trial court's summary denial of relief on the first ground was improper. See Johnson v. State, 840 So.2d 369, 370 (Fla. 1st DCA 2003); Brown v. State, 829 So.2d 975, 976 (Fla. 1st DCA 2002).
As to all grounds raised except the first, the trial court's order is affirmed. As to the first ground, the order is reversed, and remanded with directions either to attach portions of the record conclusively refuting appellant's entitlement to relief or to hold an evidentiary hearing.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
BARFIELD, WEBSTER and BROWNING, JJ., concur.