WOLF, C.J.
Appellant, Waty Ryland, appeals from the denial of his rule 3.850 motion for post-conviction relief which asserted nine grounds. The trial court summarily denied the motion, holding that all claims were either procedurally barred or conclusively refuted by the record. We affirm as to all but one of the grounds raised.
Appellant’s seventh ground alleged that his trial counsel failed to file a notice of expiration of speedy trial time and that his trial occurred well after the 175-day period prescribed by Florida Rule of Criminal Procedure 3.191. He also alleged that his co-defendants were arrested and charged after his speedy trial period began and that his trial counsel inexplicably failed to demand a speedy trial. He alleged that he was prejudiced by his counsel’s inaction because it (1) precluded his discharge; (2) allowed the state to broker a deal with a co-defendant, which resulted in detrimental testimony against him; and (3) allowed him to be tried with co-defendants who also provided prejudicial testimony. Nothing in the record attached by the trial court “conclusively shows either that the delay was attributable to any action on the part of appellant or that appellant was otherwise not entitled to discharge under Rule 3.191.” Burke v. State, 855 So.2d 207, 208 (Fla. 1st DCA 2003). Because appellant specifically alleged a deficient performance of his counsel and that there was a reasonable probability of a different outcome in the absence of the deficient performance, appellant has stated a facially valid claim of ineffective assistance of counsel. Id. (citing Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).
As to all grounds raised except the seventh, the trial court’s order is affirmed. As to this ground, the order is reversed and remanded with directions either to attach portions of the record conclusively refuting appellant’s entitlement to relief or to hold an evidentiary hearing.
. AFFIRMED IN PART; REVERSED IN PART; and REMANDED with directions.
KAHN and LEWIS, JJ„ concur.