954 So.2d 83 (2007)
Michael D. GEE, Petitioner,
v.
STATE of Florida, Respondent.
No. 1D07-0566.
District Court of Appeal of Florida, First District.
April 19, 2007.
*84 Bill White, Public Defender, Fourth Judicial Circuit, and Thomas E. Townsend, Jr., Assistant Public Defender, Yulee, for Petitioner.
Bill McCollum, Attorney General, and Charlie McCoy, Senior Assistant Attorney General, Tallahassee, for Respondent.
PER CURIAM.
Michael D. Gee petitions for a writ of prohibition, contending that his right to a speedy trial under the Interstate Agreement on Detainers, section 941.45, Florida Statutes, (IAD) was violated. We have jurisdiction, see Bogue v. Fennelly, 705 So.2d 575 (Fla. 4th DCA 1997).
Gee, then an inmate in a Georgia prison, made a request for return to Nassau County for disposition of certain felony charges pending against him there. The request complied with the IAD and was received and filed by the clerk of the circuit court on July 5, 2006, and the State Attorney acknowledged receipt of the request on July 13, 2006. Article III(a) of the IAD, which controls this proceeding, provides for trial to be held within 180 days of receipt of the request by the clerk of the court and the State Attorney and thus the speedy trial time expired on January 9, 2007, at the latest. Gee's defense counsel filed a motion to dismiss on speedy trial grounds on January 16, 2007, and after a hearing, the motion was denied.
In the trial court, the state argued that it was entitled to the "window of recapture" set forth in Florida Rule of Criminal Procedure 3.191(p). Under that rule subdivision, the defendant must file a "notice of expiration of speedy trial time" and, within five days thereafter, the court shall hold a hearing. If it finds the defendant is correct, the state shall have ten days to bring the defendant to trial. Without a proper "notice of expiration of speedy trial time" the defendant is not entitled to discharge on speedy trial grounds. State v. McCullers, 932 So.2d 373 (Fla. 2d DCA 2006).
Petitioner argues that he filed his motion to dismiss in reliance on the IAD and therefore rule 3.191 does not apply. However, cases such as Vining v. State, 637 So.2d 921 (Fla.1994) and State v. Garza, 807 So.2d 790 (Fla. 2d DCA 2002) indicate otherwise. In light of those cases, we find that rule 3.191, or at least subdivision (p) thereof, applies to a party seeking to invoke his or her speedy trial rights under the IAD in this state. The correctness of this conclusion is bolstered by the fact that the IAD itself contains no procedural provisions for enforcement of the act's right to speedy trial in the circuit court.
The circuit court did not err in denying Gee's motion to dismiss on these facts. The petition for writ of prohibition is therefore denied.
PETITION DENIED.
BROWNING, C.J., KAHN, and LEWIS, JJ., concur.