972 So.2d 1101 (2008)
Martin COLOMBO, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-2452.
District Court of Appeal of Florida, First District.
January 28, 2008.
Martin Colombo, pro se, Appellant.
Bill McCollum, Attorney General, Edward C. Hill, Jr., Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant seeks review of the trial court's summary denial of his motion for *1102 postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse, and remand for further proceedings.
Following a guilty plea, appellant was sentenced to 15 months in prison for lewd and lascivious molestation. In his rule 3.850 motion, appellant alleged that he received ineffective assistance of counsel when his defense attorney advised him that his plea would not subject him to civil commitment pursuant to the Jimmy Ryce Act.
To state a facially sufficient claim of ineffective assistance of counsel, appellant's burden was to demonstrate that his counsel's performance was outside of the wide range of reasonable professional assistance, and that such conduct in fact prejudiced the outcome of the proceedings because, without the conduct, there is a reasonable probability that the outcome would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 691-92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Spencer v. State, 842 So.2d 52, 61 (Fla. 2003); Cherry v. State, 659 So.2d 1069, 1072 (Fla.1995); Betts v. State, 792 So.2d 589, 589-90 (Fla. 1st DCA 2001). Appellant met his burden by stating that he was given affirmative misadvice that entering a plea would not subject him to civil commitment pursuant to the Jimmy Ryce Act and that, but for this misadvice, he would not have entered his plea.
The trial court denied the motion, stating that appellant's attorney was not required to inform appellant of the collateral consequences of the plea, including the application of the Jimmy Ryce Act. However, affirmative misadvice of counsel regarding the collateral consequences of entering a plea can constitute ineffective assistance of counsel and provide a basis for withdrawing a plea. See, e.g., State v. Sallato, 519 So.2d 605 (Fla.1988) (remanding to the trial court to determine whether the appellant was given misadvice about the effect his guilty plea would have on becoming a United States citizen); Watrous v. State, 793 So.2d 6. (Fla. 2d DCA 2001) (remanding to the trial court to determine whether the appellant was given affirmative misadvice that after his plea he would be released on time already served). Furthermore, civil commitment of sexual predators is considered a collateral consequence of entering a plea to a qualifying offense. See Watrous, 793 So.2d at 8-10.
Because appellant stated a facially sufficient claim of ineffective assistance of counsel and the trial court denied the motion without attaching portions of the record that conclusively refuted the claim, we reverse the summary denial of appellant's motion. On remand, should the trial court elect again summarily to deny appellant's claim, it shall attach to its order those portions of the record that demonstrate conclusively that appellant's claim is without merit; otherwise, it shall hold an evidentiary hearing.
REVERSED and REMANDED, with directions.
WEBSTER, BENTON, and POLSTON, JJ., concur.