PER CURIAM.
 

 The appellant challenges the trial court’s summary denial of his motion for postcon-viction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850, in which the appellant claimed to have suffered ineffective assistance of counsel because counsel failed to file a notice of expiration of speedy trial time. We reverse and remand the trial court’s summary denial of the appellant’s claim.
 

 To show ineffective assistance of counsel, the appellant must show that counsel’s performance was outside the wide range of reasonable professional assistance, and that such conduct in fact prejudiced the outcome of the proceedings.
 
 Strickland v. Washington,
 
 466 U.S. 668, 687-88, 691-92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984);
 
 Cherry v. State,
 
 659 So.2d 1069, 1072 (Fla.1995);
 
 Betts v. State,
 
 792 So.2d 589, 589-90 (Fla. 1st DCA 2001). The appellant must allege specific facts which are not conclusively rebutted by the record and which demonstrate that such deficiency in counsel’s performance prejudiced the defendant.
 
 Betts,
 
 792 So.2d at 590.
 

 As to the first prong of
 
 Strickland,
 
 the appellant alleged that counsel twice failed to file a notice of expiration of speedy trial time prior to moving for dismissal on speedy trial grounds, as required by Florida Rule of Criminal Procedure 3.191. As to the second prong, the appellant alleged that the trial judge expressed doubt about finding a jury during the rule 3.191 recapture period, but denied the motion to dismiss because defense counsel had failed to follow the proper procedure.
 
 See Gee v. State,
 
 954 So.2d 83 (Fla. 1st DCA 2007). We conclude the allegations are sufficient to state a legally sufficient claim.
 
 See e.g. Brown v. State,
 
 829 So.2d 975, 976 (Fla. 1st DCA 2002);
 
 Greeson v. State,
 
 729 So.2d 397 (Fla. 1st DCA 1998). Because the trial court did not refute this claim with record attachments, the trial court’s summary denial of the appellant’s ineffective assistance of counsel claim for failing to file a demand for speedy trial is reversed and remanded for record attachments that conclusively refute his claim, or for further proceedings.
 

 REVERSED.
 

 WOLF, KAHN, and VAN NORTWICK, JJ., concur.