PER CURIAM.
 

 Appellant seeks review of the summary denial of his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We affirm, without discussion, the summary denial of ground three. However, because the record does not conclusively refute grounds one and two of Appellant’s motion, we reverse for an evi-dentiary hearing on those claims.
 

 
 *1121
 
 At the trial court, the State acknowledged in its court-ordered response to the motion that an evidentiary hearing is required to address Appellant’s claims. Likewise, in response to the
 
 Toler
 

 *
 

 order issued by this court, the State conceded that the case should be remanded to the trial court for an evidentiary hearing on grounds one and two. However, the State also raised an issue concerning the timeliness of Appellant’s motion.
 

 In ground one, Appellant asserts that counsel affirmatively misadvised him that he would always be classified as “medium risk” if he pled guilty. He alleges that instead, he has been classified as “close” custody. He alleges that “serving a sentence under ‘close custody’ conditions is materially harsher than serving a sentence under ‘medium risk’ classification.” He alleges that but for this misadviee, he would have rejected the plea and insisted on going to trial. This claim is facially sufficient and is properly raised in a post-conviction motion.
 
 See Colombo v. State,
 
 972 So.2d 1101, 1102 (Fla. 1st DCA 2008) (“[Ajffirmative misadviee of counsel regarding the collateral consequences of entering a plea can constitute ineffective assistance of counsel and provide a basis for withdrawing a plea”).
 

 In ground two, Appellant asserts that counsel was ineffective for failing to challenge an inculpatory statement he allegedly made in response to police questioning while he was in custody, but where he had not been advised of his
 
 Miranda
 
 rights. He alleges that had he been aware of the possible suppression of his statement, he would not have pled guilty but would have insisted on going to trial. This claim is facially sufficient.
 
 See Williams v. State,
 
 717 So.2d 1066 (Fla. 2d DCA 1998) (“A trial attorney’s failure to investigate a factual defense or a defense relying on suppression of the evidence, which results in the entry of an ill-advised plea of guilty, has long been held to constitute a facially sufficient attack upon the conviction”).
 

 The trial court denied all of Appellant’s claims on the ground that he signed a plea, which stated in part:
 

 I hereby enter my plea of guilty because I am guilty. Before entering such plea of guilty, I was advised of the nature of all the charges against me, the statutory offense included within such charges, the range of maximum allowable punishments for each charge, all the possible defenses to each charge, and all circumstances in mitigation of such charges. I have been advised of all other facts essential to a full and complete understanding of all offenses with which I have been charged, and of all offenses to which I am entering this plea. I have been advised of all direct consequences of the sentence to be imposed.
 

 This boilerplate language in the written plea agreement is insufficient to conclusively refute grounds one and two in Appellant’s motion. Accordingly, we reverse and remand for the trial court to conduct an evidentiary hearing on these claims.
 

 We have not overlooked the State’s argument that Appellant’s motion is untimely because his judgment and sentence is dated October 20, 2005, and his postcon-viction motion was filed more than two years later, on December 11, 2007. However, the sworn allegations in Appellant’s motion reflect that the judgment and sentence was not filed with the clerk of the lower tribunal until October 25, 2005, and thus did not become final until 30 days after that date; that his postconviction motion was originally filed on November 21, 2007; and that the motion filed on
 
 *1122
 
 December 11, 2007, was simply a “duplicate counterpart copy of the motion with [Appellant’s] signature.” These allegations are not refuted by the record and, thus, we must accept them as true.
 
 See Stancle v. State,
 
 917 So.2d 911, 912 (Fla. 4th DCA 2005). Although the docket sheet transmitted with the record indicates that the motion was originally filed on November 26, 2007 (not November 21), and the record includes the judgment and sentence dated October 20, 2005, the docket sheet is not part of the record and the judgment and sentence included in the record does not contain a date-stamp showing when it was filed with the clerk of the lower tribunal. Accordingly, we have no record basis to conclude that the motion is untimely; however, the discrepancies in these dates and their impact on the timeliness of the motion may be considered by the trial court at the evidentiary hearing.
 

 AFFIRMED in part; REVERSED in part; and REMANDED.
 

 THOMAS, WETHERELL, and MARSTILLER, JJ., concur.
 

 *
 

 Toler v. State,
 
 493 So.2d 489 (Fla. 1st DCA 1986).