IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

WILLIAM FAIELLA,

        Appellant,

 v.                                                         Case No. 5D16-2446

STATE OF FLORIDA,

        Appellee.

_____/

Opinion filed November 4, 2016

3.850 Appeal from the Circuit
Court for Hernando County,
Stephen E. Toner, Jr., Judge.

William Faiella, Crawfordville, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Bonnie Jean Parrish,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

William Faiella (the defendant) appeals the final order summarily denying his motion seeking post-conviction relief. See Fla. R. Crim. P. 3.850. Because ground one of the defendant's motion is sufficiently pled and not refuted by the record, we reverse the summary denial of ground one. We affirm as to all other grounds.

In ground one of his motion, the defendant alleged that defense counsel rendered ineffective assistance of counsel by improperly advising him that he was not subject to

Florida's Civil Commitment of Sexually Violent Predators Act (commonly known as the Jimmy Ryce Act) when, in fact, he may have been. See §§ 394.901-.931, Fla. Stat. (2012). The post-conviction court summarily rejected this claim, ruling that civil commitment is a collateral consequence of entering a plea and, therefore, defense counsel was not required to advise the defendant of such a consequence. This ruling was erroneous. See Colombo v. State, 972 So. 2d 1101, 1102 (Fla. 1st DCA 2008) (holding defendant's claim of affirmative misadvice regarding consequences under the Jimmy Ryce Act established a facially sufficient claim of ineffective assistance of counsel). Additionally, the post-conviction court ruled that relief was not available to the defendant because the written negotiated plea agreement contained a paragraph regarding civil commitment. However, the paragraph in the agreement concerning civil commitment does not refute the defendant's claim.

Accordingly, we reverse the summary denial of ground one and remand for the post-conviction court to either conduct an evidentiary hearing or attach portions of the record that conclusively refute the claim.

AFFIRMED in part; REVERSED in part; and REMANDED.

PALMER, COHEN and LAMBERT, JJ., concur.