# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2023-1988
_____

ELIJAH SCOTT,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Columbia County.
Leandra G. Johnson, Judge.

January 8, 2025

ROWE, J.

Elijah Scott appeals his conviction for sexual battery on a person twelve years or older but less than eighteen years old without force or violence likely to cause serious personal injury. Scott argues that the trial court erred when it denied his motion for downward departure and his request for youthful offender sentencing. He also argues that the trial court erred when it denied his motion and renewed motion for judgment of acquittal. Finding no error by the trial court, we affirm.

A little before 10:30 p.m. on May 23, 2022, A.J. picked up Scott in a Chevy Suburban. Scott and A.J. were engaged, and it was the

night before A.J.'s seventeenth birthday. Scott made a makeshift bed in the back of the Suburban so that the two could lay down and watch a movie. Shortly after laying down, A.J. started falling asleep, but she was awoken by Scott pulling down her pants. She told Scott, "I don't want to do this," and said "no" four or five times, but Scott continued to pull down her pants and pushed her legs open. Scott then inserted his penis into A.J.'s vagina. A.J. told Scott that she wanted to go home, and Scott stopped.

A.J. drove Scott home, then went back to her house and told her father what had happened. Her father took her to the Lake City hospital, and then she was transferred to Shands Hospital in Gainesville. By this time, it was the early morning hours of May 24. While at Shands, A.J. spoke with a police detective. The detective asked A.J. to text Scott to try to get an admission, and around 6:30 a.m., the following exchange occurred over Facebook Messenger:

> A.J.: u forced yourself on me
>
> SCOTT: ik*
>
> A.J.: y did you do that
>
> SCOTT: bc it was your birthday and i could not resist myself so i went for it

Screenshots of the Facebook Messenger conversation were shown to the jury at Scott's trial.

After leaving Shands, the detective went to Scott's high school. During the recorded interview, which was played for the jury, Scott admitted that he "forced [him]self on" A.J. and answered the detective's questions about the incident. Then, after Scott asked the detective to call his parents, this exchange occurred:

> DETECTIVE: Uh-huh. How old are you?

---

* This is short for "I know."

SCOTT: Eighteen. She just turned seventeen today.

DETECTIVE: Okay. So you're legally an adult.

SCOTT: Yes, ma'am.

DETECTIVE: If you want to stop and pause and call your mom, that's your right, but I just want you to keep in mind that you are eighteen.

Scott explained that his parents "know some friends" and "this happens every year, every school year, just about every year. I have done nothing at all," but he did not call them. Later in the interview, Scott again stated, "It was [A.J.'s] birthday . . . . Well, today is her birthday. She's seventeen." Scott never suggested that his birthday was also May 24th. Nor did Scott suggest that he had been seventeen years old when the incident occurred — around thirteen hours before the interview. The interview ended, and Scott was arrested at noon that same day.

At the close of the State's case, Scott moved for judgment of acquittal on the ground that the State failed to prove that he was eighteen years old on May 23rd when he sexually assaulted A.J. The trial court denied Scott's motion. Scott renewed his motion after closing arguments, making the same argument, and the trial court denied that motion, too. The jury found Scott guilty, and sentencing was set off for a later date.

At the sentencing hearing, Scott moved for a downward departure and asked the trial court to sentence him as a youthful offender. Scott presented three witnesses who testified about his difficult upbringing and insisted that he was remorseful. Scott himself testified that he was eighteen years old at the time of the sexual assault, that he did not listen when A.J. told him "no" because he believed she was saying it in "a flirty voice," and that the encounter with A.J. seemed like "a setup." The trial court denied Scott's motion for downward departure and request for youthful offender sentencing, and sentenced him to the minimum sentence required by the criminal punishment code scoresheet. This timely appeal follows.

3

Scott raises three arguments on appeal. In his first two arguments, Scott argues that the trial court abused its discretion when it denied his motion for downward departure and erred again when it declined to sentence Scott as a youthful offender. Finding no error by the trial court's sentencing decisions, we affirm. *See* §§ 921.0026, 958.04, Fla. Stat.; *Banks v. State*, 732 So. 2d 1065, 1067 (Fla. 1999); *Wilson v. State*, 306 So. 3d 1267, 1273 (Fla. 1st DCA 2020), *rev. granted* SC20-1870, 2021 WL 1157838 (Fla. Mar. 26, 2021); *Fine v. State*, 312 So. 3d 1057, 1062 (Fla. 1st DCA 2021).

In his third argument, Scott contends that the trial court erred when it denied his motion and renewed motion for judgment of acquittal. Scott asserted in both motions that the State failed to prove that he was eighteen years old when he committed the sexual battery on May 23.

The age of the assailant is an element of the offense of sexual battery under section 794.011(5)(a), Florida Statutes, which the State must prove beyond a reasonable doubt. *See Adams v. State*, 834 So. 2d 302, 304 (Fla. 1st DCA 2002) (holding that age is an element of capital sexual battery under section 794.011, using reasoning that applies equally to subsection (5)(a)). Scott argues that the State failed to prove beyond a reasonable doubt that he was eighteen years old at the time he committed the sexual battery. We disagree.

A trial court may not grant a judgment of acquittal when the State presents competent, substantial evidence of every element of the crime. *Taylor v. State*, 316 So. 3d 420, 426 (Fla. 1st DCA 2021). When a defendant moves for a judgment of acquittal, he "admits not only the facts stated in the evidence, but also every reasonable conclusion favorable to the state that the trier of fact might fairly infer from the evidence." *Rasley v. State*, 878 So. 2d 473, 476 (Fla. 1st DCA 2004).

Taking all the facts in evidence and drawing every reasonable conclusion from them in favor of the State, the trier of fact could fairly infer that Scott was eighteen years old during the May 23 sexual battery. On May 24—at most thirteen hours after the assault—the detective asked Scott how old he was. Scott replied,

4

"Eighteen. [A.J.] just turned seventeen today." This happened immediately after Scott asked the detective to call his parents. Scott stated that he wanted to call his parents because his parents "know some friends" and "this happens every year, every school year, just about every year. I have done nothing at all." Thus, the trier of fact could fairly infer that during this part of the conversation Scott was trying to avoid getting in trouble. It would have been in Scott's interest to say that he was seventeen during the incident and had only just turned eighteen within the past thirteen hours. But he did not say that, even when the detective emphasized that his status as a legal adult was significant.

Moreover, Scott repeatedly mentioned during the interview that it was A.J.'s birthday. Even in his Facebook messages to A.J., he mentioned her birthday. But he never once suggested that May 24 was his birthday or that he turned eighteen fewer than thirteen hours before his interview with the detective. From this evidence, the trier of fact could fairly infer that May 24 was not Scott's eighteenth birthday, and thus that Scott was eighteen on the night of May 23 when he committed the offense of sexual battery of A.J. Thus, Scott's age was supported by legally sufficient evidence to go before the trier of fact. We AFFIRM.

OSTERHAUS, C.J., and RAY, J., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Olivia M. Goodman of O'Brien Hatfield, P.A., Tampa, for Appellant.

Ashley Moody, Attorney General, and Benjamin L. Hoffman, Assistant Attorney General, Tallahassee, for Appellee.