683 So.2d 572 (1996)
Jerry DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-0194.
District Court of Appeal of Florida, Fourth District.
November 6, 1996.
Rehearing Denied December 23, 1996.
*573 Jerry Davis, Arcadia, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, Judge.
We review an August 3, 1995, order that denied for a second time the motion the appellant filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. We reverse.
A jury found the appellant guilty of armed robbery, possession of a short-barrelled shotgun, and carrying a concealed weapon. His conviction was affirmed on direct appeal. Davis v. State, 579 So.2d 418 (Fla. 4th DCA 1991). In that appeal, appellant raised two issues that had not been preserved by objection at trial: (1) the prosecutor's reference to appellant's failure to testify; and (2) the show-up identification. Id.
Appellant now complains of his counsel's failure to preserve these two issues for appeal. In the earlier appeal from the original denial of the appellant's motion, we held that the failure to preserve reversible error can constitute ineffective assistance of counsel. The first order was reversed and the matter was remanded for an evidentiary hearing or for attachment of record excerpts that conclusively disproved the appellant's allegations. Davis v. State, 648 So.2d 1249(Fla. 4th DCA 1995).
On remand, the trial court denied the motion again, finding that because the evidence of guilt was overwhelming, the failure to preserve the alleged errors for appeal was harmless. The trial court applied the harmless error test of State v. DiGuilio, 491 So.2d 1129, 1138 (Fla.1986), which was developed for the purpose of identifying prejudicial error on appeal. The DiGuilio test:
places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction. Application of the test requires an examination of the entire record by the appellate court including a close examination of the permissible evidence on which the jury could have legitimately relied, and in addition an even closer examination of the impermissible evidence which might have possibly influenced the jury verdict.
491 So.2d at 1135 (citation omitted). Where harmless error is urged by the state in response to a rule 3.850 claim that counsel should have preserved an error for appeal, the trial court performs the DiGuilio analysis. If the motion is denied, those portions of the record, which show that the defendant is not entitled to relief, must be attached to the order. In this case, the trial court did not perform the "examination of the entire record" required by DiGuilio, reviewing only those excerpts from the trial transcript that were submitted by the state. Without ruling on the merits of appellant's claims, the trial court concluded on the basis of the state's submission that even if the issues had been preserved for appeal, the errors would have been determined to be harmless. We disagree and will now discuss the facts as well as the legal merit of appellant's claims.
Appellant and another man were charged with armed robbery of two pedestrians. Janice Hilairre and Marvin Davis were walking at night when they were approached by two men in a grey Acura. One man got out holding a handgun and demanded Davis' wallet. *574 Davis gave him an envelope from First American Bank, which contained $429. Hilairre wrote down the car's license number.
Four hours later, an officer went to Hilairre's house and told her, "I think we caught them, but you need to properly identify them." The victims were taken to the location where the appellant and his codefendant had been stopped in a grey Acura that matched the license number reported by Hilairre. A crumpled First American bank envelope was found in the car and $310 was discovered in the waistband of appellant's shorts. A handgun and a shotgun were also found in the car. No useable fingerprints were obtained from the envelope or from any other item in the car. The victims identified the appellant as the man with the gun.
The officer who had taken the descriptions from the victims and the officer who conducted the show-up testified at trial, but their testimony was not reviewed by the trial court. Defense counsel's closing argument had summarized the officers' testimony, and the state submitted a transcript of that argument. The state does not challenge the accuracy of the defense statement to the jury that the only description of the gunman was that he was darker in complexion than the driver. Defense counsel showed the jury the appellant's pronounced crossed eye, which neither victim had mentioned to the police. The officer who conducted the show-up reportedly testified that each man was shown separately while wearing handcuffs. The victims were asked: "Is this the guy?"
In Perez v. State, 648 So.2d 715, 719 (Fla.1995), the Florida Supreme court explained that while show-up identifications may be permissible, they involve an inherent risk of producing an unreliable identification:
[A] show-up is inherently suggestive because a witness is presented with one suspect for identification. However, a showup is not invalid if it does not give rise to a substantial likelihood of irreparable misidentification given the totality of the circumstances.
The factors to be considered in evaluating the likelihood of misidentification include `the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.'
(citations omitted). Those portions of the transcript advanced in opposition to appellant's motion indicate that the indicia of reliability were lacking here. First, prior to the show-up, the witnesses were told that the police thought that they had the right men, but they needed an identification. Second, the witnesses supplied virtually no description of the men prior to the show-up. Third, their failure to describe the one striking feature of appellanthis crossed eyeindicates that either they lacked the opportunity to closely observe the robber or they had identified the wrong man. Thus, if defense counsel had moved to suppress the identifications, it is likely that the evidence would have been excluded. If not, the denial of the motion to suppress would have required reversal on appeal unless the record demonstrated beyond a reasonable doubt that there was no reasonable possibility that the error affected the verdict. Erickson v. State, 565 So.2d 328, 335 (Fla. 4th DCA 1990), rev. denied, 576 So.2d 286 (Fla.1991).
After reviewing the evidence of guilt that was attached to the trial court's orderthe appellant's unexplained presence in the car several hours after the robbery, the presence of a bank envelope in the car, and appellant's possession of a large amount of cash (but less than the amount stolen)we cannot conclude that the state met its burden of proving beyond a reasonable doubt that the evidence was harmless within the meaning of DiGuilio. The other evidence of guilt was not so overwhelming that we can say there is no reasonable possibility that the show-up identification testimony improperly contributed to the armed robbery conviction.
Accordingly, we remand to the trial court with direction to grant the rule 3.850 motion in relation to the armed robbery charge and give appellant a new trial on that count. Because the prosecutor's comment during closing was fairly susceptible of being *575 interpreted by the jury as a comment on the defendant's failure to testify, it should not be repeated at the new trial.[1]Heath v. State, 648 So.2d 660, 663 (Fla.1994), cert. denied, ___ U.S. ___, 115 S.Ct. 2618, 132 L.Ed.2d 860 (1995).
REVERSED and REMANDED.
FARMER and SHAHOOD, JJ., concur.
NOTES
[1] According to appellant's motion, the prosecutor made the following comment during his closing argument:

But a basic defense in cases like this is identification. Usually, it is; `I didn't do it, because I wasn't there that day. Someone else did it.' Usually they throw the blame to someone else, or it's, `I'm only a hitchhiker.' Well, I didn't hear that from either of these Defendants. Neither one of them claimed to be a hitchhiker.