947 So.2d 548 (2006)
Mitchell NEWKIRK, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-4493.
District Court of Appeal of Florida, Fourth District.
December 27, 2006.
Rehearing Denied February 19, 2007.
*549 Mitchell Newkirk, Okeechobee, pro se.
No appearance required for appellee.
WARNER, J.
Appellant appeals the trial court's denial of his motion for postconviction relief based upon allegations of his counsel's ineffective assistance. Under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), appellant must show that any ineffective performance of counsel has prejudiced him in these proceedings. To that end, appellant must demonstrate a reasonable probability that the deficient performance affected the outcome of the proceedings or rendered them fundamentally unfair. See Provenzano v. State, 616 So.2d 428, 431 (Fla.1993). Because he did not prove prejudice, we affirm.
Appellant's allegations of failure to object to evidence of prior convictions which qualified appellant for an enhanced sentence do not show any prejudice, because he does not allege under oath that the convictions used to enhance his sentence were not his or that he did not qualify for an enhanced sentence. He also alleges that his counsel failed to present evidence to mitigate his sentence, but does not allege what that evidence would have been. Thus, he has made no showing of any effect on the outcome of the sentencing proceeding. Additionally, his allegations with respect to failure to request a speedy trial discharge also do not show that the proceeding was rendered fundamentally unfair or that the state could not have brought him to trial within the time periods allowed by the speedy trial rule.
Finally, he makes the curious claim that his trial counsel failed to file a notice of appeal, but the state attached a copy of the notice. This court entertained an appeal from the conviction and sentence. See *550 Newkirk v. State, 898 So.2d 228 (Fla. 4th DCA 2005). This claim is meritless.
Affirmed.
STEVENSON, C.J., and FARMER, J., concur.