980 So.2d 1275 (2008)
Angel DIAZ, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-4012.
District Court of Appeal of Florida, Fourth District.
May 14, 2008.
*1276 Angel Diaz, Florida City, pro se.
Bill McCollum, Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
Diaz appeals an order denying post-conviction relief. We affirm. We write to address the proper test in reviewing a post-conviction ineffective assistance of counsel claim, where the defendant alleges counsel's failure to object or preserve a claim for appeal.
This court affirmed Diaz's conviction and life sentence in Diaz v. State, 797 So.2d 1286 (Fla. 4th DCA 2001). Although Diaz raised an issue as to the admissibility of child hearsay, this court concluded that the error was not preserved and determined that any error did not amount to fundamental error. Id. at 1287.
*1277 Subsequently, the trial court summarily denied Diaz's rule 3.850 motion, arguing ineffective assistance of counsel. On appeal, this court remanded for an evidentiary hearing on one claim, alleging ineffective assistance of counsel by failing to object to the introduction of child hearsay where the trial court did not make complete findings of reliability required by section 90.803(23)(a)(c), Florida Statutes. Following an evidentiary hearing, the trial court again denied Diaz's claim.
At the original trial, the child testified, in considerable detail, to multiple acts of sexual abuse by Diaz. The state's case consisted primarily of testimony from the child victim, the victim's mother recounting to what the child told her, the investigating detective, and the nurse from the sexual assault treatment center.
The evidentiary hearing on remand focused on the mother's hearsay testimony at trial with respect to which the trial court found that:
the time content or circumstances of the statement provide sufficient safeguards of reliability considering all the factors including the age, maturity level, nature of abuse, all that's required under 90.803, especially in light of the fact the child already testified, so I can evaluate this in what previously went on.
It is undisputable that in considering claims of ineffective assistance of counsel, we apply the standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Strickland sets forth the two pronged test: (1) whether counsel's performance was deficient, and (2) whether the deficiency prejudiced the defense. Id. at 688, 104 S.Ct. 2052. The prejudice prong requires the petitioner to show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Id. at 687, 104 S.Ct. 2052.
It is undisputed that Diaz's trial counsel's failure to preserve the issue of the insufficient findings of reliability amounts to a deficiency under the first Strickland prong. The issue boils down to whether the deficiency in failing to preserve the error prejudiced Diaz, pursuant to the second Strickland prong.
In denying the post-conviction motion, the court found that:
even if this Court did not make complete factual findings under § 803.(23), [sic] Fla. Stat. (1997), specific findings were made regarding reliability, age, maturity, etc. Assuming arguendo for this point only, trial counsel's alleged failure to object to the findings or move for a motion in limine may have been deficient.
However, after a complete review of the record, this Court finds that the Defendant has not satisfied the prejudice prong as set forth in Strickland and its progeny. Had counsel objected, this Court would have made further factual findings, and under the state of the law at the time, Mrs. Garcia's testimony was admissible, even though this Court heard the victim testify prior to Mrs. Garcia's proffered testimony.
Section 90.803(23)(a) provides for a hearsay exception for a statement of a child victim who is eleven years old or younger. The child hearsay statement is admissible if, for example, the child testifies, and
[t]he court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. In making its determination, the court may consider the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of *1278 the assertion, the reliability of the child victim, and any other factor deemed appropriate.
§ 90.803(23)(a)(1), Fla. Stat. The statute further mandates that "[t]he court shall make specific findings of fact, on the record, as to the basis for its ruling under this subsection." § 90.803(23)(c), Fla. Stat.
§ 90.803(23) requires the trial court to set forth the specific reasons the court relied upon. Simply reciting the statutory requirements is insufficient. Feller v. State, 637 So.2d 911, 915 (Fla. 1994).
In Johnson v. State, 796 So.2d 1227, 1228 (Fla. 4th DCA 2001), we explained that to prove prejudice, the appellant must show "that there is a reasonable probability that the outcome would have been different absent the ineffectiveness." We note, however, that in Davis v. State, 683 So.2d 572, 573 (Fla. 4th DCA 1996), in reviewing a denial of relief under rule 3.850, this court applied a harmless error test, rather than a strict Strickland analysis. There, we stated that "[w]here harmless error is urged by the state in response to rule 3.850 claim that counsel should have preserved an error for appeal, the trial court performs the DiGuilio analysis." Id. The DiGuilio analysis "places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict, or alternatively stated, that there is no reasonable possibility that the error contributed to the conviction." Id. (quoting State v. DiGuilio, 491 So.2d 1129, 1138 (Fla.1986)).
Were we to conclude that the trial court erred in its findings and apply the DiGuilio standard to the ineffective counsel claim, as we did in Davis, we might conclude that there is a reasonable doubt that the error in this case contributed to the verdict.
The application of the DiGuilio test, in reviewing ineffective assistance of counsel claims is, however, in conflict with the reasoning in other cases that apply the Strickland analysis to counsel's failure to preserve an issue for review. E.g. State v. Chattin, 877 So.2d 747 (Fla. 2d DCA 2004); Rhue v. State, 603 So.2d 613 (Fla. 2d DCA 1992).
Here, we need not address whether the original trial court's failure to make a complete finding was harmless error under DiGuilio, as this court did in Davis, because Davis preceded the supreme court pronouncements in Carratelli v. State, 961 So.2d 312 (Fla.2007). In Carratelli, the supreme court held that the defendant, alleging ineffective assistance of counsel for failure to object/preserve claim of reversible error in jury selection, was required to demonstrate prejudice at trial, rather than on appeal (i.e., show, in that case, that the juror was actually biased).
Applying Carratelli, the focus, in reviewing the denial of post-conviction relief, is on the effect of defense counsel's deficient performance on the original trial outcome, and not on whether the defendant could have prevailed on appeal if an objection had been raised. In focusing on the original trial, the court must apply the Strickland test (whether the deficient performance was so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable, and that, but for counsel's unprofessional errors, the result of the proceeding would have been different) and not the DiGuilio test.
The supreme court reasoned that applying this same test in a post-conviction review that is applied on direct appeal
would essentially eviscerate the requirement of contemporaneous objections. . . . A defendant asserting ineffective assistance for failing to preserve a *1279 cause challenge would have no greater burden than a defendant asserting preserved error on appeal. As the Third District stated in response to a similar claim that proof of an unpreserved reversible error was sufficient to meet Strickland: If counsel should fail, as here, to preserve for appellate review an otherwise reversible error, it would be of little moment as the conviction would still be subject to being vacated based on an ineffective assistance of counsel claim. The preservation of error rule would have no real consequence as it would apply only when counsel failed to preserve points which would not have merited a reversal in any event. In effect, a "wild card" exception to the preservation of error rule would be created allowing appellate courts to pass on the merits of unpreserved, non-fundamental errors in criminal cases, and to upset criminal convictions based thereon.
* * *
Such a rule would eliminate the contemporaneous objection requirement and permit counsel to save certain arguments for appeal. We are not willing to begin a journey down that dangerous path.
Carratelli, 961 So.2d at 325 (citing Anderson v. State, 467 So.2d 781, 787 (Fla. 3d DCA 1985)).
Therefore, concluding that Carratelli controls over our Davis analysis, we find that Diaz has failed to demonstrate reversible error or abuse of discretion as to this and all other issues raised in this appeal.
WARNER and FARMER, JJ., concur.