WARNER, J.
The appellant challenges the summary denial of his motion for postcon-viction relief pursuant to Florida Rule of Criminal Procedure 3.850. We issued an order to show cause to the state, to which it did not respond. We reverse in part the order summarily denying relief. We remand to allow the appellant to amend his motion to file a facially sufficient motion, as required by Spera v. State, 971 So.2d 754 (Fla.2007), as to his claims of ineffective assistance of counsel for failure to investigate and failure to call witnesses. As to his claim regarding his attorney’s conflict of interest, we remand for an evi-dentiary hearing on that issue. See State v. Larzelere, 979 So.2d 195, 208 (Fla.2008); Burnside v. State, 656 So.2d 241, 243-44 (Fla. 5th DCA 1995) (“A situation in which the attorney’s own interests diverge from those of the client presents the same core problem presented in the multiple representation cases: the attorney’s fealty to the client is compromised.”) (quoting United States v. Fulton, 5 F.3d 605, 609 (2d Cir.1993)).
We also reverse on his claim of ineffective assistance in failing to preserve issues for appeal and remand for the court to attach portions of the record conclusively refuting this ground or for an evidentia-ry hearing. The record attached does not conclusively refute the allegations that failure to preserve various issues at trial constituted ineffective assistance of counsel. See Carratelli v. State, 961 So.2d 312 (Fla.2007); Diaz v. State, 980 So.2d 1275, 1278 (Fla. 4th DCA 2008) (in determining whether counsel is ineffective for failing to preserve issues for appeal, the proper standard is to determine “the effect of *708 defense counsel’s deficient performance on the original trial outcome,” not on appeal). As to the remaining allegations, we affirm.
STEVENSON and MAY, JJ., concur.