WARNER, J.
 

 We affirm the trial court’s summary denial of appellant’s motion for postconviction relief in which he raised four claims. We conclude that they are all legally insufficient and fail to show prejudice. Nevertheless, our affirmance is without prejudice to his filing an amended claim alleging a failure to convey a plea offer.
 

 As to appellant’s claim that his attorney failed to communicate a plea offer from the state, the motion is legally insufficient, because his pleading is ambiguous as to whether any plea offer was ever extended. He also does not allege the terms of any plea offer. However, in light of
 
 Spera
 
 v. State, 971 So.2d 754 (Fla.2007), our affirmance is without prejudice to the filing of an amended postconviction relief motion.
 

 As to the remaining claims, we conclude that they too are legally insufficient. Because they also do not show
 
 Strickland
 
 prejudice, an additional opportunity to amend pursuant to
 
 Spera
 
 is not required in this case.
 

 In order to prevail on a motion for post-conviction relief, the defendant must show that counsel’s performance was deficient, i.e., “that counsel was not functioning as the ‘counsel’ guaranteed the defendant by the Sixth Amendment” and “that the deficient performance prejudiced the defense.”
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to prove prejudice, “[t]he defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.”
 
 Id.
 
 at 694, 104 S.Ct. 2052.
 

 Appellant claims that his attorney was ineffective for failing to research and file a motion to suppress the out-of-court identification of him made by several witnesses and, subsequently, failed to challenge their identification before the jury. He never alleges anything impermissibly suggestive about the procedures used. No facts surrounding the identification procedures are included. He merely alleges that the identifications were critical in the case, and defense counsel did not research the issue. The motion is legally insufficient and fails to show
 
 Strickland
 
 prejudice.
 

 We do not think that
 
 Spera
 
 requires leave to amend this allegation. The essence of the claim, filed in the trial court by experienced counsel, merely contends
 
 *1242
 
 that an attorney has a duty to investigate a crucial out-of-court identification. However, that does not require postconviction relief unless the out-of-court identifications would be suppressed, and without the identification the result of the trial would have been different. Here, there are no factual allegations that the out-of-court identifications were subject to suppression, and the motion states that several of the witnesses also made in-court identifications. Therefore, even without the out-of-court identifications, appellant cannot show that there is a reasonable probability that the results would have been different, given the other identification evidence of his guilt.
 

 He next claims that his counsel was “prejudicially ineffective” for his failure to communicate with appellant before trial. That communication involved the assessment of his case and his potential sentences so as to permit him to make an intelligent decision regarding a plea. However, as noted above, he did not clearly allege that the state ever made a plea offer. As we are permitting amendment of his claim regarding the plea, we also will permit him to re-allege these allegations in an amended pleading.
 

 In his final issue he claims that trial counsel was ineffective for failing to object to various incidents of prosecutorial misconduct throughout the course of the trial; to request special, but unnamed, jury instructions; and to make an adequate motion for judgment of acquittal.
 
 [1]
 
 He argues that prejudice resulted because the failure to object waived appellate review. However, failure to preserve issues for appeal does not show the necessary prejudice under
 
 Strickland.
 

 The prejudice in counsel’s deficient performance is assessed based upon its effect on the results at trial, not on its effect on appeal.
 
 See; e.g., Carratelli v. State,
 
 961 So.2d 312, 323 (Fla.2007). In
 
 Carratelli,
 
 the supreme court addressed whether the failure to renew an objection to a challenged juror, thus precluding appellate review and reversal, constitutes
 
 Strickland
 
 prejudice. The court noted that in determining the prejudice to a defendant from ineffective assistance of trial counsel, the “ultimate focus of inquiry must be on the fundamental fairness of the proceeding
 
 whose result is being challenged.” Id
 
 at 322 (quoting
 
 Strickland,
 
 466 U.S. at 696, 104 S.Ct. 2052). The
 
 Carratelli
 
 court determined that the failure to renew an objection to a challenged juror, thus not preserving the claim for appellate review, amounted to a prejudice at trial. If the issue had been properly challenged at trial, the trial court could have ruled appropriately and, in Carratel-li’s case, granted a cause challenge for the questioned juror.
 

 Carratelli
 
 distinguished both
 
 Roe v. Flores-Ortega,
 
 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), where trial counsel’s failure to file a notice of appeal deprived the defendant of his appeal, and
 
 Hill v. Lockhart,
 
 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), in which counsel’s misadvice regarding the defendant’s guilty plea deprived the defendant of a trial. In both cases, the prejudice was in depriving the defendant of a judicial proceeding. In contrast, Carratelli was not deprived of a proceeding:
 

 
 *1243
 
 In this case, Carratelli alleged that trial counsel was ineffective for failing to preserve reversible error in jury selection. He was not deprived of a judicial proceeding, as in
 
 Hill
 
 and
 
 Flores-Ortega,
 
 and he is not entitled to a new trial simply because reversible error was not preserved. He had a trial that was presumptively reliable, and under
 
 Strickland,
 
 it is that trial “whose result is being challenged.” Accordingly, we hold that a defendant alleging that counsel was ineffective for failing to object or preserve a claim of reversible error in jury selection must demonstrate prejudice at the trial, not on appeal.
 

 Carratelli,
 
 961 So.2d at 323. The court also quoted with approval
 
 Anderson v. State,
 
 467 So.2d 781, 787 (Fla. 3d DCA 1985), for the proposition that any other result would eviscerate the preservation of error rule:
 

 If counsel should fail, as here, to preserve for appellate review an otherwise reversible error, it would be of little moment as the conviction would still be subject to being vacated based on an ineffective assistance of counsel claim. The preservation of error rule would have no real consequence as it would apply only when counsel failed to preserve points which would not have merited a reversal in any event. In effect, a “wild card” exception to the preservation of error rule would be created allowing appellate courts to pass on the merits of unpreserved, non-fundamental errors in criminal cases, and to upset criminal convictions based thereon.
 

 Id.
 
 at 325. The court quite clearly rejected such an approach.
 
 See also Ives v. State,
 
 993 So.2d 117 (Fla. 4th DCA 2008);
 
 Diaz v. State,
 
 980 So.2d 1275 (Fla. 4th DCA 2008).
 

 In this case, the only prejudice asserted was prejudice in the failure to preserve the issue for appeal and not any prejudice occurring at the trial itself. Had counsel objected, the trial court may have stopped the argument, given the jury instructions, or otherwise cured any trial prejudice.
 
 Carratelli
 
 instructs that this is legally insufficient to constitute
 
 Strickland
 
 prejudice.
 

 We affirm on all claims, but without prejudice to appellant filing an amended motion within thirty days of this opinion as to claims one and three regarding the failure to convey a plea offer.
 

 STEVENSON and TAYLOR, JJ., concur.
 

 [1]
 

 . He also mentions ineffectiveness at sentencing, but our court has already reversed appellant's original sentence for resentencing because the initial sentence was in fact illegal.
 
 See Strobridge v. State,
 
 889 So,2d 982 (Fla. 4th DCA 2004). Thus, even if we were to conclude that counsel was ineffective at the original sentencing, his illegal sentence has been redressed.