*1204
 
 PER CURIAM.
 

 We reverse the order of the trial court that denied, with prejudice, Joseph Sal Mancino’s motion for postconviction relief. Through a previous appeal, the case was remanded for consideration of the substance of the forty-two page motion.
 
 See Mancino v. State,
 
 986 So.2d 662 (Fla. 4th DCA 2008). We had been directed to
 
 Spera v. State,
 
 971 So.2d 754, 761 (Fla.2007), but found its application premature. In
 
 Spera,
 
 the Florida Supreme Court determined that a trial court abuses its discretion when it fails to provide a postcon-viction movant at least one opportunity to amend a legally insufficient postconviction motion that fails to meet pleading requirements.
 

 Our review of the record in the previous appeal did not reflect that there had been any substantive review of the motion’s allegations to determine sufficiency. Rather the motion was rejected because of its form. Having determined that the form was sufficient, the case was remanded for the trial court to review the motion’s allegations.
 

 As the record before this court does not reflect that review of the motion occurred, any rejection of the motion based on
 
 Spera
 
 is again premature.
 
 See, e.g., Strobridge v. State,
 
 1 So.3d 1240 (Fla. 4th DCA 2009). We acknowledge that
 
 Spera
 
 does not give postconviction movants an opportunity to amend conclusory claims.
 
 See Oquendo v. State,
 
 2 So.3d 1001 (Fla. 4th DCA 2008). However, no specific defect has been identified with respect to any of Mancino’s four claims.
 

 We reverse the trial court’s summary denial of this claim with prejudice, and remand the matter. On remand, the trial court shall consider the motion’s allegations and its four claims under the standard as set forth by Florida Rule of Criminal Procedure 3.850(d) and
 
 Spera.
 

 Reversed and remanded.
 

 GROSS, C.J., POLEN and DAMOORGIAN, JJ., concur.