COBB, W., Senior Judge.
 

 Appellant, Lance T. Hartwell, was convicted and sentenced in four separate cases after all were consolidated for a single jury trial. Hartwell makes several claims for posteonviction relief. All but two of them are procedurally barred because they could or should have been raised on direct appeal.
 
 See Smith v. State,
 
 445 So.2d 823 (Fla.1983). Hartwell’s claims that the State did not provide notice of its intent to habitualize him or proper proof of his predicate offenses to support habitualization require reversal.
 

 To refute Hartwell’s claim regarding the lack of notice of habitualization, the trial court attached to its order a notice of intent to habitualize in a different case than the one in which Hartwell was habitualized. The State concedes that this does not conclusively refute Hartwell’s claim. While lack of written notice of ha-bitualization can be harmless error if the defendant had actual notice, whether Hart-well had actual notice would have to be determined in an evidentiary hearing.
 
 See Massey v. State,
 
 609 So.2d 598, 600 (Fla. 1992). Therefore, we reverse and remand for either attachment of those portions of the record conclusively refuting Hartwell’s claim or an evidentiary hearing.
 

 Hartwell also alleges that the State did not provide certified copies of his predicate convictions to prove that he qualified to be sentenced as a habitual offender. Hartwell’s claim that the State did not prove his prior convictions at sentencing is facially insufficient because Hartwell does not deny that he qualifies to be sentenced as a habitual offender.
 
 See Sampson v. State,
 
 832 So.2d 251 (Fla. 5th DCA 2002). Instead of striking the claim and allowing an amendment as is required by
 
 Spera v. State,
 
 971 So.2d 754 (Fla.2007), the trial court held that Hartwell’s reply to the State’s response
 
 was
 
 his amendment to that claim and denied it. The trial court’s denial without affording Hartwell an opportunity to amend was error under
 
 Spera.
 
 We therefore reverse and remand to allow Hartwell to amend this facially insufficient claim within a reasonable time set by the trial court.
 

 We affirm the denial of postconviction relief in all other respects.
 

 AFFIRMED in part; REVERSED in part; and REMANDED
 

 ORFINGER and LAWSON, JJ., concur.