PER CURIAM.
 

 Anthony Hammond appeals the denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. Hammond raised five claims of ineffective assistance of trial counsel. The trial court summarily denied four of the claims and held an evidentiary hearing on one. The judge denied the remaining claim after the hearing. Hammond has filed an initial brief in which he argues that the trial court erred in summarily denying two of his claims. In one sentence, he concludes, without explanation, that the court erred in denying the other claims as well.
 

 Claims for which an appellant has not presented any argument, or for which he provides only conelusory argument, are insufficiently presented for review and are waived.
 
 Doorbal v. State,
 
 983 So.2d 464, 482-83 (Fla.2008);
 
 Shere v. State,
 
 742 So.2d 215, 217 n. 6 (Fla.1999).
 

 We affirm the denial of all the claims but write to explain the basis for rejecting one of Hammond’s arguments. We also write to clarify that we will not require remand based on
 
 Spera v. State,
 
 971 So.2d 754 (Fla.2007), where the appellant has filed an initial brief and fails to show that
 
 Spera
 
 requires remand by to demonstrating a good faith basis for amending an insufficient claim.
 

 In the sole claim that merits discussion, Hammond argues that trial counsel provided ineffective assistance by failing to file a notice of expiration of speedy trial time pursuant to Florida Rule of Criminal Procedure 3.191(p)(2). The State responded to this claim explaining that Hammond had not established the prejudice component of an ineffective assistance of counsel claim
 
 [1]
 
 because he had not alleged that the State could not have brought him to trial within the fifteen-day recapture window.
 
 See
 
 Fla. R.Crim. P. 3.191(p)(3) (providing the State a total of
 
 *60
 
 fifteen days after a notice of expiration is filed to bring a defendant to trial).
 

 The trial court agreed and cited
 
 Newkirk v. State,
 
 947 So.2d 548 (Fla. 4th DCA 2006), where this court rejected just such a claim under similar circumstances. This court explained as follows: “[Appellant’s] allegations with respect to failure to request a speedy trial discharge also do not show that the proceeding was rendered fundamentally unfair or that the state could not have brought him to trial within the time periods allowed by the speedy trial rule.”
 
 Id.
 
 at 549;
 
 see also Dexter v. State,
 
 837 So.2d 595 (Fla. 2d DCA 2003) (holding that a defendant fails to establish prejudice if he does not allege that the State could not have brought him to trial within the recapture window).
 

 Hammond, by contrast, relies on First District cases in which the court has required evidentiary hearings on this type of claim.
 
 See, e.g., Gee v. State,
 
 13 So.3d 68 (Fla. 1st DCA 2009);
 
 Burke v. State,
 
 855 So.2d 207 (Fla. 1st DCA 2003);
 
 Brown v. State,
 
 829 So.2d 975 (Fla. 1st DCA 2002). The movants in the above cases, however, specified some reasonable basis to conclude that the failure to move for speedy trial discharge caused prejudice.
 

 Hammond’s claim is insufficient. A claim of ineffective assistance of counsel based on a failure to seek discharge because of a violation of the speedy trial rule is extremely tenuous where the State had available the recapture window of Rule 3.191(p)(3).
 
 Cf. Wells v. State,
 
 881 So.2d 54, 55 (Fla. 4th DCA 2004) (finding that prejudice was sufficiently alleged because the State may not have been entitled to a recapture period). In almost all cases, an allegation of prejudice on this type of claim is speculative. We suspect that it is almost always impossible to reconstruct the circumstances that existed when the speedy trial issue arose (often years earlier), what the State could and could not have done at that time, and “what might have been.” Absent peculiar circumstances, such a claim is likely not subject to reasonable proof.
 

 A conclusory allegation of ultimate fact is not enough to establish a basis for the extraordinary relief authorized by
 
 Strickland.
 
 An unelaborated allegation that “the State could not have brought the mov-ant to trial within the recapture window” would be nothing more than bald conjecture. Evidentiary hearings (on an issue not typically subject to reasonable proof) are not required any time a defendant incants these words.
 

 To be entitled to an evidentiary hearing, the movant must allege specific facts that establish a “reasonable probability” of prejudice. In a speedy trial claim, the movant would need to show that the State could not have brought the movant to trial within the recapture time. A conclusory claim is insufficient to warrant an eviden-tiary hearing.
 
 Oquendo v. State,
 
 2 So.3d 1001, 1004 (Fla. 4th DCA 2008). Unless the movant alleges a specific factual basis and establishes a prima facie basis for concluding that the State could not have brought the defendant to trial within the recapture window, such a claim should be denied.
 

 Newkirk
 
 and other opinions affirming denials of claims that failed to allege that the State could not have brought the mov-ant to trial within the recapture period issued before the Florida Supreme Court’s decision in
 
 Spera.
 
 In
 
 Spera,
 
 the Court held that a movant must be afforded at least one opportunity to amend a legally insufficient postconviction motion that fails to meet pleading requirements. 971 So.2d at 761. As we have noted, however,
 
 Spera
 
 does not require remand of conclusory claims.
 
 Mancino v. State,
 
 10 So.3d 1203 (Fla. 4th DCA 2009).
 

 
 *61
 
 Further,
 
 Spera
 
 holds that an opportunity to amend is required “only if [the claim] can be amended in good faith.” 971 So.2d at 762;
 
 See also Montero v. State,
 
 996 So.2d 888, 890 (Fla. 4th DCA 2008) (affirming denial of insufficient claim because it could not reasonably be amended in good faith).
 

 In
 
 post-Spera
 
 cases, the Second District has reversed denials of insufficient claims such as the one Hammond raises and remanded for the trial court to follow the
 
 Spera
 
 procedure by striking the claim and permitting an opportunity to amend.
 
 Gamble v. State,
 
 996 So.2d 946, 948 (Fla. 2d DCA 2008);
 
 Smith v. State,
 
 988 So.2d 693, 694 (Fla. 2d DCA 2008). To the extent these cases suggest that remand is required under
 
 Spera
 
 or that an evidentia-ry hearing is required based on conclusory allegations of prejudice, we certify conflict.
 

 Hammond has not demonstrated either error requiring reversal or a basis for relief under
 
 Spera.
 
 He has not shown that he has a good faith basis to amend his claim. While aware that the State was arguing that his claim was insufficient, Hammond filed a reply in the trial court but did not seek an opportunity to amend. This alone might not be sufficient to preclude relief under
 
 Spera. See Hartwell v. State,
 
 12 So.3d 892, 893 (Fla. 5th DCA 2009). Hammond filed an initial brief in this appeal. Patently aware that his claim was, however, insufficient and that the claim has already been denied as such, Hammond did not raise
 
 Spera
 
 or argue that he has any good faith basis for amending his motion to state a sufficient claim.
 

 The First District has held that if a defendant files a brief in a Rule 3.850 appeal and does not raise
 
 Spera,
 
 then any claim for relief under
 
 Spera
 
 is waived.
 
 Watson v. State,
 
 975 So.2d 572, 573 (Fla. 1st DCA 2008). We adopt
 
 Watson
 
 's holding on this point and further note that, because
 
 Spera
 
 requires an opportunity to amend
 
 only if the motion can be amended in good, faith,
 
 the appellant maintains the burden of establishing in the initial brief that a good faith basis exists for amending the motion. Where an appellant fails to show any good faith basis for amendment, and no reasonable good faith basis for amendment appears in the record, we will not remand the matter.
 

 Affirmed.
 

 HAZOURI, CIKLIN and LEVINE, JJ., concur.
 

 [1]
 

 . To be entitled to relief based on a claim of ineffective assistance of trial counsel, a post-conviction movant must establish that counsel performed well below an objective standard of reasonableness and that, but for the deficiency, a reasonable probability exists that the outcome of the trial would differ.
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).