[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10394
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 9, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:10-cv-14078-JEM

DARWIN G. CAIN,

Plaintiff-Appellant,

versus

MARK E. POLEN,
DURIAN DAMOORGIAN,
CAROLE Y. TAYLOR,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 9, 2011)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Darwin G. Cain appeals the dismissal of his 42 U.S.C. § 1983 civil rights action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Cain asserts his allegations of an equal protection violation were sufficiently plausible on their face to survive dismissal. Alternatively, Cain argues the district court erred by not offering him an opportunity to amend his complaint. After review,[1] we affirm.

## I.

The facts pleaded in a complaint must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009). Although courts liberally construe *pro se* pleadings, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), when a plaintiff proceeds *in forma pauperis*, Section 1915 of the United States Code accords courts the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To successfully allege an equal protection claim, a plaintiff must show (1) he is similarly situated to others who received more favorable treatment, and (2)

---

[1] We review *de novo* a district court's dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), viewing the allegations in the complaint as true. *See Mitchell v. Farcass*, 112 F.3d 1483, 1489-90 (11th Cir. 1997).

his discriminatory treatment was based on a constitutionally protected interest. *See Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001).  Here, Cain rests his allegation of disparate treatment on three Florida appellate court decisions, two of which are factually distinguishable from Cain's conviction, and two of which make no mention of the defendant's race or economic status.[2]  Moreover, Cain makes conclusory statements, but offers no facts to support his contention that his race or economic status served as the basis for the defendant judges' denial of his state habeas petition.  Cain's complaint contains no allegations sufficient to make his claims plausible on their face.  Thus, the district court did not err when it dismissed Cain's complaint for failure to state a claim.  *See Jones*, 279 F.3d at 947.

## II.

According to the Federal Rules of Civil Procedure, Rule 15(a)(1), a party may amend its pleading once as a matter of course at any time before a responsive pleading is served.  However, a district court need not allow any amendment when

---

[2] *Anderson v. State*, 946 So. 2d 579, 582 (Fla. 4th DCA 2006) (holding two of four show-up identifications impermissible, but making no mention of race or economic status of the defendant); *Davis v. State*, 683 So. 2d 572, 574 (Fla. 4th DCA 1996) (holding show-up identification impermissible and noting the gunman was darker in complexion than the driver); *Henry v. State*, 519 So. 2d 84, 86 (Fla. 4th DCA 1988) (holding witness's identification in a photo line-up was impermissible, but making no mention of the defendant's race or economic status).

amendment would be futile.  *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

In this case, there is no indication Cain might more carefully word his complaint or allege further facts that would make his complaint sufficient to state a claim for equal protection that is plausible on its face.  *See Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1263 (11th Cir. 2004).  Thus, the district court did not err by not offering Cain an opportunity to amend his complaint.

**AFFIRMED.**