PER CURIAM.
In his motion for postconviction relief and amended motion for postconviction relief, appellant raises over seventy claims for relief. These claims were denied by the trial court, which also denied appellant’s request in his motion for rehearing to amend his claims under Spera v. State, 971 So.2d 754 (Fla.2007). We affirm, concluding that no prejudice has been shown and write to address the right to amend under Spera.
Appellant was convicted of first degree murder of one victim and attempted first degree murder of another. We need not go at length into the facts of the case. We note only that trial counsel mounted a vigorous defense, and appellant’s defense was hampered by his constantly changing story regarding the incident, as well as physical evidence which contradicted his stories.
After his conviction and unsuccessful direct appeal, appellant filed a lengthy motion for postconviction relief, raising more than seventy claims of trial court error or attorney ineffectiveness. As the state said in response:
It is inconceivable that the number of claims of ineffective assistance that defendant has alleged in this pleading could be even remotely accurate.... How the number of issues/problems that defendant now alleges took place could have occurred and escaped both circuit court and appellate court defies logic. What is a more realistic view is that defendant has simply thrown together allegations, scrutinized every word, and proceeded to create an exhaustive laundry list of allegedly objectionable claims equating each item on the list as worthy of consideration as the basis for a new trial. Such analysis is contrary to the spirit of Strickland [.][1]
We agree with the state’s sentiments. In such circumstances, a trial court has discretion to strike a postconviction motion which raises an abusive number of claims or which presents claims in an unintelligible manner. See, e.g., Gidney v. State, 925 So.2d 1076, 1077 (Fla. 4th DCA 2006). A legitimate ineffective assistance of counsel claim is rare. No postconviction movant has seventy-plus legitimate claims that can be argued in good faith. Many of the claims in the present motion are wholly without merit and/or frivolous. The motion was abusive and could have been stricken. Nevertheless, the state refuted the claims and provided record support for those requiring refutation in the record. The trial court denied the motion on the merits.
An ineffective assistance of counsel claim is reserved for serious errors that impact the fundamental fairness of a criminal trial. See Strickland, 466 U.S. at 687, 104 S.Ct. 2052. To constitute ineffective assistance of counsel, such that the Sixth Amendment right to counsel is violated, an attorney must perform substantially below an objective standard of reasonableness. Counsel’s performance is strongly presumed to have been competent, and the defendant must show that counsel performed well below the level expected of a reasonably competent attorney under prevailing professional norms. The attorney’s *1138 performance, which must be considered from counsel’s perspective at the time, must be so deficient that the defendant was not provided the minimum level of assistance required by the Constitution so that the trial is fundamentally unfair and the result unreliable. An ineffective assistance of counsel claim is not meant to grade counsel’s performance and is not an opportunity for a defendant to catalogue every conceivable thing that counsel could have done differently.
The evidence against appellant was strong. His defense, which was based on his claim of innocence—that two unknown men committed the shooting—is implausible and weak. The surviving victim, to whom appellant owed a large sum of money, testified that appellant shot both him and the decedent in the head at close range. Appellant then shot himself in the arm and drove to the hospital where he reported that they had been robbed and that the robbers had shot the victims with appellant’s own gun. Appellant’s gun, however, was found on the floorboard of the driver’s side of the car where appellant was sitting. Appellant’s allegation that the victims set him up, and that two strangers robbed him, took his gun and shot him in the right arm but shot the two victims in the head is wholly unbelievable. The physical evidence does not support Appellant’s account of the events, which he has changed repeatedly. No reasonable probability exists that the jury’s verdict would differ even if counsel had taken any, or all, of the laundry list of actions presented in the abusive motion. Confidence in the correctness of the outcome is not undermined.
A court need not consider the deficiency prong if the movant cannot show prejudice. Strickland provides:
[T]here is no reason for a court deciding an ineffective assistance claim ... even to address both components of the inquiry if the defendant makes an insufficient showing on one.... If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.
466 U.S. at 697, 104 S.Ct. 2052. Prejudice is not established in this case, and our analysis need go no further. Although the prejudice prong has not been met in this case, we have reviewed the individual claims of ineffectiveness to ascertain whether any of them, if legally sufficient (which most were not), would have altered our assessment of the prejudice. Suffice it to say, they would not.
In his motion for rehearing, appellant sought to amend his claims based upon Spera, acknowledging that his motion and amended motion were “convoluted,” a point with which we agree. However, we do not find that he is entitled to another chance to amend.
Appellant misconstrues Spera and confuses the type of “insufficiency” to which it applies. Spera applies to the insufficiency of a motion or claim which fails to contain required allegations, a pleading deficiency. 971 So.2d at 761 (holding that “when a defendant’s initial rule 3.850 motion for postconviction relief is determined to be legally insufficient for failure to meet either the rule’s or other pleading requirements, the trial court abuses its discretion when it fails to allow the defendant at least one opportunity to amend the motion”). Spera applies only where a motion lacks required allegations so that it fails to state a sufficient claim. Id. at 762 (“We also stress that our decision is limited to motions deemed facially insufficient to support relief—that is, claims that fail to contain required allegations.”). Spera does not require courts to *1139 give movants multiple opportunities to establish Strickland prejudice or to expand upon their allegations.
Under Spera, a court is not required to provide an opportunity to amend a claim that simply fails to establish a basis for relief. Otherwise, nearly every meritless claim would be subject to an opportunity to amend. As explained in Oquendo v. State, 2 So.3d 1001 (Fla. 4th DCA 2008), the Florida Supreme Court has not applied Spera in this way in death penalty postconviction proceedings. Id. at 1004 (citing, inter alia, Morgan v. State, 991 So.2d 835, 841 (Fla.2008), and Doorbal v. State, 983 So.2d 464, 482-84 (Fla.2008)). See also Geralds v. State, 37 Fla. L. Weekly S71, S77 (Fla. Feb. 2, 2012); Taylor v. State, 62 So.3d 1101, 1117-18 (Fla.2011). This court has held that Spera does not require an opportunity to amend concluso-ry claims. Mancino v. State, 10 So.3d 1203, 1204 (Fla. 4th DCA 2009). “The defendant bears the burden of establishing a prima facie case based upon a legally valid claim.” Atwater v. State, 788 So.2d 223, 229 (Fla.2001). Spera does not require courts to give movants multiple opportunities to meet this burden.
None of appellant’s claims were denied because of a pleading deficiency. Appellant is not entitled to another opportunity to further expand upon his claims where he has never explained how he could cure the insufficiencies — that is, how he could show prejudice.
Further, Spera requires an opportunity to amend only where the motion can be amended in good faith to state a sufficient claim. 971 So.2d at 762. Where a movant files an initial brief, and fails to establish that the claim can be amended in good faith, this court will not remand the matter. Hammond v. State, 34 So.3d 58, 61 (Fla. 4th DCA 2010). While appellant cites Hammond and conclusorily argues in his brief that he can amend his claims in good faith, he provides no explanation how, under the facts of this case, any of his claims could be amended to sufficiently establish Strickland prejudice. Instead, he relies on his motion for rehearing which he argues completely addressed each issue raised. The rehearing motion asked for an opportunity to amend without explaining how any of the claims could possibly be made sufficient. All of his pleadings are woefully insufficient to warrant any further opportunity to use more judicial resources on non-meritorious claims.

Affirmed.

WARNER, HAZOURI and DAMOORGIAN, JJ., concur.

. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).