DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BENJAMIN GINIEBRA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-3501

[April 22, 2020]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Joseph Marx, Judge; L.T. Case No. 502009CF011136AXXXMB.

Deana K. Marshall of the Law Offices of Deana K. Marshall, Riverview, for appellant.

No appearance required for appellee.

PER CURIAM.

We affirm the trial court's denial of appellant's motion for postconviction relief. In light of the powerful evidence of guilt, appellant cannot show prejudice. *Cortes v. State*, 85 So. 3d 1135,1138 (Fla. 4th DCA 2012) (affirming an excessively lengthy postconviction motion where the evidence of guilt was strong, and defendant's claims of innocence were implausible and weak).

As the Supreme Court of the United States emphasized in *Strickland v. Washington*, 466 U.S. 668 (1984):

> [T]he ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged. In every case the court should be concerned with whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results.

*Id.* at 696.  Importantly, the Supreme Court also emphasized:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.  In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.  The object of an ineffectiveness claim is not to grade counsel's performance.  **If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed**.  Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

*Id.* at 697 (emphasis supplied).

All of appellant's claims can be disposed of because of lack of sufficient prejudice.  The Supreme Court has emphasized the heavy burden and stringent standard that applies to ineffective assistance claims:

> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*, at 694, 104 S. Ct. 2052.  It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding."  *Id.*, at 693, 104 S. Ct. 2052.  Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Id.*, at 687, 104 S. Ct. 2052.

*Harrington v. Richter*, 562 U.S. 86, 104 (2011).  Appellant has not met that burden.

*Affirmed.*

WARNER, MAY and KUNTZ, JJ., concur.

2

\*     \*     \*

*Not final until disposition of timely filed motion for rehearing.*