# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D22-189

_____

WILLIAM WORTH WATSON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Nassau County.
James Daniel, Judge.

September 21, 2022

PER CURIAM.

William Worth Watson appeals the denial of his motion for postconviction relief based on newly discovered evidence. We affirm.

A jury found Watson guilty of first-degree murder (count I), carjacking with a deadly weapon (count II), and robbery with a deadly weapon (count III). The trial court sentenced him to life in prison. This Court affirmed the judgment and sentence. *See Watson v. State,* 838 So. 2d 1153 (Fla. 1st DCA 2003).

In his motion, Watson explained that he made a public records request for all emails about plea offers in his case on June 11, 2021. The State's response included a faxed copy of a proposed plea

bargain that offered to let Watson plead guilty to a reduced second-degree murder charge in exchange for a forty-year prison sentence and the State dismissing the carjacking and robbery charges. Watson argued that had he known about this plea offer, he would have accepted it and not gone to trial because he was facing the death penalty at the time the State offered the plea. Watson claimed that he fulfilled his due diligence requirements because "around August 2001" he made the same request for all emails about plea offers, and never received a response.

The trial court found that Watson's claim was untimely and not newly discovered evidence because he failed to exercise due diligence which could have led to him discovering this information long before now.

The trial court properly denied this claim. Florida Rule of Criminal Procedure 3.850(b) ordinarily requires that a defendant bring any claims within two years of his or her conviction and sentence becoming final. An exception to this two-year time limitation exists when "the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence" and the claim is raised "within 2 years of the time the new facts were or could have been discovered with the exercise of due diligence." Fla. R. Crim. P. 3.850(b)(1).

Watson admitted in his motion that when the State did not respond to his August 2001 inquiry, he simply assumed that no offers existed, so he did not follow up or pursue the issue. Watson offers no compelling reason for why he waited nearly twenty years to make another inquiry. We therefore find that Watson failed to exercise due diligence, and his claim was untimely as a result. *See generally Jimenez v. State*, 265 So. 3d 462, 483 (Fla. 2018) ("[W]ith due diligence, Jimenez could have followed up years ago and discovered this information.").

On appeal, Watson also argues that the trial court should have granted him a chance to amend his motion under *Spera v. State*, 971 So. 2d 754 (Fla. 2007), because he did not include a factual basis in the body of his motion.

2

Watson is incorrect. *Spera* "is limited to motions deemed facially insufficient to support relief—that is, claims that fail to contain required allegations." *Id.* at 762. "Under *Spera*, a court is not required to provide an opportunity to amend a claim that simply fails to establish a basis for relief. Otherwise, nearly every meritless claim would be subject to an opportunity to amend." *Cortes v. State*, 85 So. 3d 1135, 1139 (Fla. 4th DCA 2012). The trial court denied the motion as untimely due to a lack of due diligence. It did not deny relief based on a failure to meet pleading requirements. Under these circumstances, the trial court had no obligation to allow a chance to amend.

The trial court did not err in denying Watson's motion.

AFFIRMED.

MAKAR, JAY, and NORDBY, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

William Worth Watson, pro se, Appellant.

Ashley Moody, Attorney General, and Adam B. Wilson, Assistant Attorney General, Tallahassee, for Appellee.