DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JEAN JEANCHARLES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-1717

[February 26, 2025]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Scott Suskauer, Judge; L.T. Case No. 50-2012-CF-012576-AXXX-MB.

Lisa Viscome, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Kimberly T. Acuña, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Jean JeanCharles appeals the trial court's order denying his second amended motion for post-conviction relief. We affirm without discussion with respect to the trial court's determination on the substantive merits of JeanCharles' claims but write to clarify a procedural point. The trial court had the discretion under Florida Rule of Criminal Procedure 3.850(f)(2) to allow JeanCharles to file a second amended motion under the circumstances. We thus find JeanCharles' renewed claims in his second amended motion were timely raised, but nonetheless affirm because those claims were legally insufficient.

While pro se, JeanCharles filed a timely motion and amended motion for post-conviction relief. The trial court determined each motion was legally insufficient and provided JeanCharles with leave to amend each within sixty days. Following the trial court's ruling on his amended motion, JeanCharles did not amend within sixty days.

Roughly three years later, JeanCharles, represented by counsel, moved to file a second amended motion for post-conviction relief, which the trial court granted. The trial court provided JeanCharles with sixty days to file

his second amended motion. With counsel's assistance, JeanCharles timely complied—renewing two ineffective assistance of counsel claims which he had raised years prior and adding some new claims. The State argued the trial court lacked the discretion to consider these claims because JeanCharles did not file his second amended motion within the sixty-day period following denial of his amended motion. The trial court nonetheless granted the motion to allow amendment but subsequently denied JeanCharles' second amended motion. This appeal follows.

Here, the trial court exercised its discretion to grant JeanCharles with leave to file his second amended motion, even though roughly three years had passed since JeanCharles filed his facially insufficient motion and first amended motion. Per rule 3.850(f)(2):

> If the amended motion is still insufficient or if the defendant fails to file an amended motion within the time allowed for such amendment, the court, *in its discretion,* may permit the defendant an additional opportunity to amend the motion or may enter a final, appealable order summarily denying the motion with prejudice.

Fla. R. Crim. P. 3.850(f)(2) (emphasis added).

Thus, as the trial court exercised that discretion, claims that had been timely raised in JeanCharles' original motion were subject to adjudication on the merits. Here, the trial court properly declined to address claims raised for the first time in the second amended motion, and properly exercised its discretion in considering the merits of the two ineffective assistance of counsel claims referenced in the initial motion. The trial court found post-conviction relief was not warranted on these two claims because JeanCharles failed to demonstrate prejudice. *See generally Hammond v. State,* 34 So. 3d 58, 60 (Fla. 4th DCA 2010) (a claim with an insufficient allegation of prejudice is legally insufficient and should be denied on the merits). We agree.

*Affirmed.*

WARNER, CONNER and FORST, JJ., concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**

2