PER CURIAM.
In his petition for habeas corpus relief, Tyrone Lightsey makes a claim of ineffective assistance of appellate counsel. We deny the petition, but write to address the petition’s assertion that the appellate attorney was ineffective for failing to argue that the police gave defective Miranda warnings.
In Maxwell v. Wainwright, 490 So.2d 927, 932 (Fla.1986), the court stated:
A claim of ineffective assistance of counsel, to be considered meritorious, must include two general components. First, the claimant must identify particular acts or omissions of the lawyer that are shown to be outside the broad range of reasonably competent performance under prevailing professional standards. Second, the clear, substantial deficiency shown must further be demonstrated to have so affected the fairness and reliability of the proceeding that confidence in the outcome is undermined.
Here, although petitioner may have shown an omission in failing to raise the Miranda issue, he has failed in the second test, namely that this undermined confidence in the outcome of the appeal. Petitioner alleges in summary fashion that, if the issue had been raised, it would have affected the outcome and “the entire conviction would’ve possibly been reversed or remanded,” the “charges would’ve been dropped,” and “the case possibly would’ve been dismissed.” Such conelusory allegations are insufficient. See Patton v. State, 878 So.2d 368 (Fla.2004) (a summary or conelusory allegation is insufficient for appellate purposes to examine the specific allegations against the record); see also Brown v. State, 894 So.2d 137 (Fla.2004) (petition for ineffective assistance of counsel facially insufficient for failure to show how outcome of case would have been different). Even Miranda violations can be the subject of a harmless error analysis, and petitioner has failed to show that the error was not subject to the harmless error analysis.

Denied.

SHAHOOD, C.J., WARNER and STEVENSON, JJ„ concur.