PER CURIAM.
Brenda Fields filed a petition for writ of habeas corpus in this court seeking a new appeal of her conviction of trafficking in oxycodone, arguing ineffective assistance of her appellate lawyer in her earlier, direct appeal. This court per curiam affirmed without opinion in Fields v. State, 86 So.3d 1135 (Fla. 4th DCA 2012). In the petition filed here, she identified three arguments that appellate counsel failed to raise in her direct appeal, and then concluded that if those points had been raised on appeal, the outcome “would probably have been different.” As the dissent points out, petitioner did not allege any supporting facts or references to the record at all. She did not file an appendix. We find this petition legally insufficient and dismiss it.
Florida Rule of Appellate Procedure 9.141(d)(4)(F) expressly requires a petitioner alleging ineffective assistance of appellate counsel to recite in a statement of facts “the specific acts sworn to by the petitioner or petitioner’s counsel that constitute the alleged ineffective assistance of counsel.” We interpret this rule as requiring more than a listing of legal arguments counsel should have raised on appeal followed by some case citations, as was presented in this petition.
This court has rejected a legally insufficient petition alleging ineffective assistance of appellate counsel without leave to amend in Lightsey v. State, 964 So.2d 255 (Fla. 4th DCA 2007). The petitioner there failed to show that any deficiency of his appellate counsel undermined confidence in the outcome of the appeal. The petitioner had stated in conclusory language that if appellate counsel had raised an issue he identified, it would have affected the outcome and “the case possibly would’ve been dismissed.” Id. at 256. We found that language legally insufficient, citing case law including Brown v. State, 894 So.2d 137 (Fla.2004) (holding that a petition alleging ineffective assistance of appellate counsel was facially insufficient for failure to show how the outcome of the case would have been different). See also Johnson v. State, 3 So.3d 426 (Fla. 4th DCA 2009) (denying petition alleging ineffective assistance of appellate counsel as legally insufficient).
The dissent suggests that this court should extend the supreme court’s decision in Spera v. State, 971 So.2d 754 (Fla.2007), requiring the trial court to allow a defendant at least one opportunity to cure a facially insufficient motion for post-conviction relief filed under Florida Rule of Criminal Procedure 3.850, to petitions for ineffective assistance of appellate counsel filed under Florida Rule of Appellate Procedure 9.141(d). We resist the suggestion, pointing out first that this would require an amendment to the existing appellate rule, a matter for the supreme court to ultimately undertake. Indeed, Spera was codified by rule 3.850(f), allowing mov-ants sixty days to amend a timely but *384 deficient motion, as the dissent acknowledges.
Further, even in Spera, the supreme court quoted from its earlier decision in Bryant v. State, 901 So.2d 810 (Fla.2005), that “we do not intend to authorize ‘shell motions’- — -those that contain sparse facts and argument and are filed merely to comply with the deadlines, with the intent of filing an amended, more substantive, motion at a later date.” Id. at 819. Here, petitioner may not necessarily have filed this petition merely to avoid the passage of a deadline, but her petition lacks even the “sparse facts” referred to in Bryant.
In Oquendo v. State, 2 So.3d 1001 (Fla. 4th DCA 2008), this court said that Spera did not give postconviction movants an opportunity to amend conclusory claims. See also Mancino v. State, 10 So.3d 1203, 1204 (Fla. 4th DCA 2009). We can see no rationale for allowing petitioners alleging ineffective assistance of appellate counsel a greater opportunity to amend shell or con-clusory claims, particularly where the supreme court has not suggested that Spera should be extended to these petitions.
Even if this court could extend Spera to petitions alleging ineffective assistance of appellate counsel, this could open the door to demands for leave to amend by petitioners seeking mandamus, prohibition, certio-rari, and other remedies after their initial petitions filed in appellate courts were deemed legally insufficient. Such procedure is not contemplated by the rules of appellate procedure or any other authorities.

Dismissed.

LEVINE and CONNER, JJ., concur.
WARNER, J., dissents with opinion.