WARNER, J.,
dissenting.
Petitioner filed a petition for habeas corpus alleging ineffective assistance of counsel. She argues ineffective assistance in her appellate counsel’s failure to argue trial court error in: (1) allowing prior bad acts to be heard by the jury; (2) denying her motion for mistrial after the detective and confidential informant testified, in violation of an order in limine and possibly other trial court orders barring evidence of prior bad acts; and (3) not finding entrapment as a matter of law. She alleges that, had counsel argued these issues, the outcome of the appeal would probably have been different, citing case law applicable to the three issues she raises.
The petition offers no supporting facts or references to the record. No appendix has been filed. We have held that conclu-sory allegations are insufficient to support a petition for ineffective assistance of counsel. See Lightsey v. State, 964 So.2d 255, 256 (Fla. 4th DCA 2007). Lightsey simply followed supreme court precedent. See Patton v. State, 878 So.2d 368, 380 (Fla.2004) (a summary or conclusory allegation is insufficient to allow the appellate court to examine the specific allegations against the record); see also Brown v. State, 894 So.2d 137, 160-61 (Fla.2004) (petition for ineffective assistance of counsel facially insufficient for failure to show how outcome of case would have been different).
Our supreme court has determined that where motions for postconviction relief pursuant to rule 3.850 are legally insufficient, a trial court must allow a defendant at least one opportunity to cure a facially deficient motion. Spera v. State, 971 So.2d 754 (Fla.2007). Spera holds:
[W]hen a defendant’s initial rule 3.850 motion for postconviction relief is determined to be legally insufficient for failure to meet either the rule’s or other pleading requirements, the trial court *385 abuses its discretion when it fails to allow the defendant at least one opportunity to amend the motion. As we did in Bryant v. State, 901 So.2d 810 (Fla.2005) ], we hold that the proper procedure is to strike the motion with leave to amend within a reasonable period. We do not envision that window of opportunity would exceed thirty days and may be less. The striking of further amendments is subject to an abuse of discretion standard that depends on the circumstances of each case. As we did in Bryant, we stress here, too, that “we do not intend to authorize ‘shell motions’— those that contain sparse facts and argument and are filed merely to comply with the deadlines, with the intent of filing an amended, more substantive, motion at a later date.” Bryant, 901 So.2d at 819.
We also stress that our decision is limited to motions deemed facially insufficient to support relief — that is, claims that fail to contain required allegations. When trial courts deny relief because the record conclusively refutes the allegations, they need not permit the amendment of pleadings.
Id. at 761-62; see also Fla. R. Crim. P. 3.850(f) (codifying Spera by allowing defendants 60 days to amend a timely but facially insufficient motion).
The supreme court has not applied the rule of Spera to petitions for ineffective assistance, although it would appear to me that the same reasoning which authorized the amendment in Spera would compel appellate courts to provide unrepresented defendants at least one chance to correct facial deficiencies in a petition alleging ineffective assistance of appellate counsel. If one looks at Florida Rule of Appellate Procedure 9.141(d)(4) regarding the contents required in such a petition, an unschooled person would hardly know of the level of detail that appellate courts require to make a petition sufficient. The rule does not require the petitioner to include the record facts which support the specific acts of ineffective assistance alleged, see, e.g., Patton, 878 So.2d at 380, nor does it require the petitioner to state how the results of the appeal would be different had the ineffective assistance not occurred, see, e.g., Brown, 894 So.2d at 160-61, both of which are essential to the legal sufficiency of the petition.
The petition in this case contained all of the information required in the rule. Yet it was deficient for failure to contain sufficient information to examine the summary ¿negations against the record or to show how the outcome would have been different in this case.
Although the supreme court has not as yet required it, I would apply Spera and dismiss this petition but grant petitioner leave to amend her petition within thirty days.