# Third District Court of Appeal

## State of Florida

Opinion filed March 4, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D26-0180
Lower Tribunal No. F16-16155
_____

**Derrick Barrett,**
Appellant,

vs.

**State of Florida,**
Appellee.

A Case of Original Jurisdiction—Habeas Corpus

Derrick Barrett, in proper person.

James Uthmeier, Attorney General, for appellee.

Before, EMAS, LOGUE and LINDSEY, JJ.

PER CURIAM.

Dismissed with prejudice.  See Fla. R. App. P. 9.141(d)(5) ("A petition alleging ineffective assistance of appellate counsel on direct review must not be filed more than 2 years after the judgment and sentence become final on

direct review unless it alleges under oath with a specific factual basis that the petitioner was affirmatively misled about the results of the appeal by counsel. In no case may a petition alleging ineffective assistance of appellate counsel on direct review be filed more than 4 years after the judgment and sentence become final on direct review."); Derrick Barrett v. State, 425 So. 3d 681, 681 (Fla. 3d DCA 2025) (dismissing with prejudice an untimely petition for writ of habeas corpus which alleged the same conclusory claims of ineffective assistance of appellate counsel as those alleged in the instant petition; further holding: "Aligning ourselves with our sister courts, we do so with prejudice.") (citing Fields v. State, 126 So. 3d 382, 383 (Fla. 4th DCA 2013) (dismissing with prejudice legally insufficient petition for writ of habeas corpus alleging ineffective assistance of appellate counsel where "petitioner did not allege any supporting facts or references to the record at all") and Eleazer v. State, 342 So. 3d 830, 830 (Fla. 1st DCA 2022) ("Because Petitioner's claims are conclusory and lack supporting facts to demonstrate a basis for relief, the petition alleging ineffective assistance of appellate counsel is dismissed with prejudice.")). See also Barrett v. State, No. 3D25-0967 (dismissing, by clerk's order, untimely petition alleging same conclusory claims of ineffective assistance of appellate counsel as those raised in the instant petition).

2